EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 38 |
| | 197 DPR ____ |
| Ricardo J. González Porrata-Doria | |

Número del Caso: AD-2014-6

Fecha: 17 de marzo de 2017

Abogados del Querellado:

> Lcdo. Juan E. Taboas Santiago
> Lcdo. Ángel M. Soler Alfonso

Oficina de Asuntos Legales
Oficina de Administración de los Tribunales:

> Lcdo. Eric J. Salas López
> Lcda. Carmen Ana Pesante Martínez

Comisión de Disciplina Judicial:

> Hon. Aída N. Molinary de la Cruz, Presidenta
> Lcda. Delia Lugo Bougal
> Lcda. Lourdes Velázquez Cajigas

Materia: Destitución inmediata de Juez Superior por violación de los Cánones 7, 13 y 23 del Código de Ética Judicial, 4 LPRA Ap. IV-B.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo J. González Porrata-Doria         AD-2014-6

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de marzo de 2017.

Hoy evaluamos una querella presentada contra un Juez Superior por intervenir indebidamente con una potencial testigo durante la investigación de una queja ética. Procede evaluar también la conducta de ese Juez al contactar personalmente a la abogada de su exesposa —estando pendientes ciertas controversias judiciales entre ambos— con el propósito de indisponerla en su contra.

Por las razones que exponemos a continuación, resolvemos que el Juez incurrió en conducta antiética, violatoria de los Cánones 7, 13 y 23 del Código de Ética Judicial, *infra*. De conformidad con los principios y normas que rigen la ética judicial

en nuestro ordenamiento, así como la política institucional contra cualquier conducta que pueda lacerar la confianza de la ciudadanía en el sistema de justicia, ordenamos su destitución inmediata.

I

El Juez Ricardo J. González Porrata-Doria juramentó como Juez Municipal en enero de 1996 y comenzó a ejercer el cargo en la ciudad de San Germán. Posteriormente se le extendió un nombramiento como Juez Superior y fue trasladado al Centro Judicial de Arecibo en el año 2000. Para ese entonces la Sra. Olga I. Miranda Maisonet comenzó a trabajar como su secretaria jurídica, puesto que siguió ocupando una vez el Juez González Porrata-Doria fue reasignado al Tribunal de Primera Instancia, Sala Municipal de Ciales. En el año 2006 el Juez González Porrata-Doria regresó al Centro Judicial de Arecibo y tiempo después reclutó nuevamente a la señora Miranda Maisonet.[1] Cabe añadir que entre el Juez, su entonces esposa –la Sra. María del Mar Vázquez Martínez- y la señora Miranda Maisonet y su esposo llegó a entablarse una relación de amistad.

En el 2012 el Juez González Porrata-Doria y la señora Vázquez Martínez se divorciaron, lo que generó varias controversias relacionadas a la división de los bienes adquiridos durante el matrimonio. Como consecuencia, la

---

[1] Antes de ser reclutada nuevamente por el Juez González Porrata-Doria, la señora Miranda Maisonet se encontraba trabajando en la Sala Municipal de Ciales.

señora Vázquez Martínez presentó una demanda sobre cobro de dinero y daños y perjuicios en contra del Juez González Porrata-Doria. Debido a la álgida situación post-divorcio, el Juez y su exesposa cesaron toda relación y se comunicaban a través de la señora Miranda Maisonet, quien les transmitía a uno y a otro los mensajes relacionados a las incidencias del pleito. Esta situación le produjo incomodidad a la señora Miranda Maisonet, por lo que habló con ambos y les pidió que dejaran de usarla como mensajera.

En junio de 2013 la señora Vázquez Martínez presentó una queja ética contra el Juez González Porrata-Doria. Entre otras alegaciones, sostuvo que el Juez llamó a su abogada, la Lcda. Lisdaira Serrano Martínez, y le indicó que su clienta estaba "loca" y que hablaba mal de ella.[2] Además, le pidió que no le contara a la señora Vázquez Martínez acerca de la llamada y que lo mantuviera confidencial.[3] Este incidente fue corroborado posteriormente por el Juez González Porrata-Doria.

Una vez le notificaron la queja, el Juez le comentó a la señora Miranda Maisonet que la señora Vázquez Martínez radicó una querella infundada en su contra. Le dijo que si

[2] Las otras alegaciones fueron sobre presunta conducta constitutiva de favoritismo o parcialidad del Juez González Porrata-Doria hacia ciertas personas que podían participar en el pleito que la Sra. María del Mar Vázquez Martínez había presentado en su contra. Sin embargo, ni la Oficina de Administración de los Tribunales (OAT) ni el Comisionado de Disciplina Judicial que posteriormente estudió el caso encontraron prueba alguna que sugiriera que el Juez hubiera actuado de forma parcializada. Por consiguiente, no se presentaron cargos a base de dichas alegaciones.

[3] El querellado obtuvo el número de teléfono de la licenciada Serrano Martínez a través de un alguacil del tribunal.

la citaban como testigo durante la investigación tenía que decir que la señora Vázquez Martínez la hostigaba con llamadas constantes a la oficina. La señora Miranda Maisonet, incómoda con la solicitud, le indicó que no era cierto que la señora Vázquez Miranda la hostigara. En particular, ante la Comisión de Disciplina Judicial testificó que:

> P   ¿Algo más que el juez le haya dicho en ese instante?
>
> R   Este, entonces pues... "Y a ti te van a llamar". Y yo dije, "juez", ahí yo me puse ansiosa. Porque yo dije: "Juez, a mí no me involucren en sus asuntos personales, yo se los vengo diciendo". Y entonces él viene y me dice: "Eso es Mary, ahí, que te metió ella. Y tú vas a tener que decir que ella te llama, que ella te hostiga, que ella te acosa". Y yo le dije: "Yo no voy a decir eso porque eso no es lo que está sucediendo. Yo les dije a ambos que no quería que me utilizaran". Y entonces él me dice, "no, pero tú tienes que decir..." volvió y me lo repitió. "Tú tienes que decir que te llama, que te hostiga, que te acosa, este que a mí me llama", que para insultarlo. *Informe de la Comisión*, pág. 8.

Luego de ese incidente, la señora Miranda Maisonet salió de la oficina y dialogó con el Sr. Luis A. Espinosa Millet, Alguacil Supervisor del Área de Menores en ese momento. Le comentó que el Juez quería que ella dijera algo que no era cierto con respecto a una situación entre él y su esposa. En respuesta, el alguacil Espinosa Millet le sugirió que se lo informara al Juez Administrador y la señora Miranda Maisonet le expresó que lo había pensado pero que no quería hacerle daño al Juez.

Posteriormente, la señora Miranda Maisonet regresó a la oficina y le dio conocimiento de lo sucedido al Sr. Israel Serrano Rodríguez, Alguacil Auxiliar asignado a la sala del Juez González Porrata-Doria para el momento de los hechos. Según el señor Serrano Rodríguez, la señora Miranda Maisonet le manifestó que el Juez la estaba hostigando y presionando para que le sirviera de testigo en un caso. Éste la notó "ansiosa, preocupada y nerviosa" mientras le relataba lo sucedido.[4]

Esa misma tarde, una vez el Juez González Porrata-Doria salió de sala, insistió nuevamente y la señora Miranda Maisonet le indicó que no quería hablar del asunto. Al día siguiente la señora Miranda Maisonet no se presentó a trabajar pues estaba muy ansiosa. Cuando se reincorporó al próximo día, el Juez la buscó de nuevo, se sentó frente a su escritorio y le repitió lo que debía declarar. Señaló que:

> R    [...] el miércoles cuando yo voy a trabajar él vuelve y llega con la misma actitud de que yo tenía que decir eso. Entonces él insiste en que...él me insistía de que, 'pero es que tú me has dicho a mí que tú no querías que María del Mar te llamara'. Y yo, una cosa es que no quiero que me utilicen, a otra [sic] es que ella me esté hostigando, acosando y molestando, esa no es la realidad.
>
> P    ¿Qué le dijo?
>
> R    Yo tengo que, que...yo tengo que decir que...que yo le había dicho a él, que yo le decía que Mary me hostigaba, me acosaba, que me molestaba, [y] yo le dije que en ningún momento yo le había dicho eso a él. "Pero tú no quieres

---
[4] *Informe de la Comisión*, págs. 4 y 9.

que ella...pero tú me dijiste a mí que tú no quieres que ella te llame". Y yo le dije, "no, pero una cosa es eso a que me hostigue. Y no es que no me llame, es que no me utilicen para estar de mandado". *Informe de la Comisión*, pág. 10.

Sintiéndose disgustada por lo que estaba pasando, la señora Miranda Maisonet fue a ver al Juez Administrador del Centro Judicial de Arecibo, Hon. Nelson J. Canabal Pérez. Le indicó que se sentía hostigada por el Juez González Porrata-Doria pues "le estaba requiriendo insistentemente que, si era entrevistada al respecto, ofreciera unas versiones de los incidentes que no eran ciertas". *Informe de la Comisión*, pág. 4. Después de escucharla, el Juez Administrador, como medida cautelar, la reubicó en el Tribunal de Primera Instancia, Sala de Manatí. Además, refirió el asunto a la Oficina de Administración de los Tribunales (OAT).[5]

La OAT realizó la investigación de rigor y evaluó tanto la queja de la señora Vázquez Martínez como el referido del Juez Canabal Pérez, luego de lo cual sometió un Informe recomendándole a la Comisión de Disciplina Judicial (Comisión) la presentación de una querella. Así, de conformidad con nuestro esquema procesal disciplinario, un Comisionado evaluó el Informe y determinó causa probable para creer que el Juez González Porrata-Doria

---

[5] Semanas después, la señora Miranda Maisonet recibió una llamada anónima y una mujer le dijo que lo que estaba haciendo le traería consecuencias. Ella lo interpretó como una amenaza y se puso muy nerviosa y tuvo que ser ingresada en el Hospital Panamericano.

infringió los Cánones 7, 13 y 23 de Ética Judicial, 4 LPRA Ap. IV-B.

En vista de lo anterior, la OAT presentó una querella y formuló los siguientes cargos: 1) violación al Canon 7 de Ética Judicial, supra, por intervenir indebidamente con la señora Miranda Maisonet, en su carácter de testigo potencial en el proceso disciplinario en su contra; 2) violación al Canon 13 de Ética Judicial, supra, por no actuar con la debida circunspección, consideración y respeto hacia la señora Miranda Maisonet, insistiendo contumazmente en lo que debía decir en la investigación, a pesar de que ésta se negaba a declarar lo solicitado; y 3) violación al Canon 23 de Ética Judicial, supra, por contactar, pendiente un pleito en su contra, a la abogada de su exesposa e informarle, a modo de "cortesía", que su clienta "estaba loca", que recibía ayuda psiquiátrica y que hablaba mal de ella. *Informe de la Comisión*, págs. 2-3.

Después de celebrar la vista en su fondo, la Comisión rindió un Informe final y concluyó que el Juez González Porrata-Doria cometió las faltas éticas imputadas, por lo que recomendó como sanción una censura enérgica.[6] Sometido el caso ante nuestra consideración, resolvemos.

---

[6] Una Comisionada emitió un voto particular concurrente en parte y disidente en parte. En específico, aunque entendió que el Juez González Porrata-Doria infringió el Canon 23 de Ética Judicial, supra, al contactar a la licenciada Serrano Martínez, determinó que no quedó probada una violación de los Cánones 7 y 13 de Ética Judicial, supra, pues "[a]l insistirle [el Juez González Porrata-Doria] que tenía que decir que la Sra. Vázquez Martínez la hostigaba cabe la posibilidad…

II

La Constitución de Puerto Rico le confiere autoridad a este Tribunal para conducir los procesos disciplinarios contra las juezas y jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones. Const. PR, Art. V, Sec. 11. Para llevar a cabo esta función aprobamos el Código de Ética Judicial, supra, que contiene las normas mínimas de conducta que deben seguir los miembros de la judicatura para proteger la confianza de la ciudadanía en el sistema de justicia. In re Sierra Enríquez, 185 DPR 830, 850 (2012). Véase también, R.L. Vigo, Ética y responsabilidad judicial, Santa Fe, Rubinzal-Culzoni Editores, 2007, pág. 31.

Como se desprende de su preámbulo, las normas contenidas en el Código de Ética Judicial, supra, aplican tanto al desempeño de las funciones judiciales, como a la conducta extrajudicial o privada de las juezas y jueces. In re Berríos Martínez, 180 DPR 474 (2010); A. S. Andruet et al., Ética judicial: visión latinoamericana, México, Suprema Corte de Justicia de la Nación: Comisión Iberoamericana de Ética Judicial, 2012, pág. 208. Por eso, al juramentar al cargo éstos aceptan ciertas restricciones que "si bien no les privan de los derechos que poseen como miembros de nuestra sociedad, representan sacrificios en su vida pública y privada". In re Hernández, 167 DPR

---

que le estuviera transmitiendo su particular conclusión sobre la situación y no un claro propósito de intervenir de manera impropia en la investigación". *Voto disidente y concurrente de la Comisionada Lourdes V. Velázquez Cajigas*, pág. 2.

823, 839-840 (2008). Este estándar de conducta más alto se impone como condición para asegurar el respeto, el honor y la legitimidad de su ministerio. In re Claverol Siaca, 175 DPR 177, 188 (2009). Ello, pues son las juezas y los jueces los encargados, en última instancia, de dictaminar qué derechos o deberes cobijan u obligan a las ciudadanas y ciudadanos.

En lo pertinente, el Canon 7 de Ética Judicial, supra, advierte cuál es el comportamiento esperado de las juezas y jueces en los procesos disciplinarios. In re Claverol Siaca, supra, pág. 191. Así, dispone que éstos *cooperarán con el proceso* y *no intervendrán indebidamente con los testigos*, la prueba documental o cualquier otro aspecto del procedimiento. El propósito es proteger la integridad del trámite disciplinario, por lo que *se prohíbe tajantemente incitar a un testigo a alterar su testimonio o promover un testimonio falso*. In re Claverol Siaca, supra, pág. 191; In re Vargas Soto, 146 DPR 55 (1998).

Por su parte, el Canon 13 de Ética Judicial, supra, preceptúa el deber de tratar con respeto y cordialidad a todas las empleadas y empleados, funcionarias y funcionarios de la Rama Judicial, así como a todas las personas que comparecen a las salas de justicia. In re Claverol Siaca, supra, pág. 189. Este deber es consustancial con el respeto a la dignidad del ser humano y aplica tanto en el ejercicio de las funciones judiciales

como en el contexto de la vida privada. En particular, el Canon 13 expresa que:

> [l]as juezas y los jueces tratarán con consideración y respeto a los abogados y las abogadas. También tratarán con consideración y respeto a testigos, jurados, funcionarias o funcionarios del tribunal y a toda persona que comparezca ante el tribunal.

Finalmente, el Canon 23 de Ética Judicial, _supra_, establece una norma general de conducta que debe guiar el comportamiento de las juezas y los jueces cuando están fuera del estrado

> [l]as juezas y los jueces se comportarán públicamente de manera que sus actuaciones no provoquen dudas sobre su capacidad para adjudicar imparcialmente las controversias judiciales, no deshonren el cargo judicial y no interfieran con el cabal desempeño de sus funciones judiciales.

Este Canon exige de los miembros de la judicatura la más estricta adhesión a los principios éticos en el manejo de sus asuntos personales y extrajudiciales, de forma que enaltezcan la integridad de su cargo y garanticen la independencia judicial y la imparcialidad de la función adjudicativa. _In re Aprobación de Cánones de Ética Judicial de 2005_, 164 DPR 403, 408 (2005); S. Steidel Figueroa, _La regulación de las actividades extrajudiciales de los jueces en Puerto Rico y Estados Unidos_, México, Suprema Corte de Justicia de la Nación, Dirección General de la Coordinación de Compilación y Sistematización de Tesis, 2007, pág. 22. A tono con lo anterior, conviene resaltar que la conducta privada que esté reñida con los

principios éticos tiene el potencial de menoscabar significativamente la administración de la justicia y la confianza necesaria para sostener los pilares democráticos de nuestra sociedad. In re Acevedo Hernández, 194 DPR 344, 360 (2015); In re Cancio González, 190 DPR 290, 297 (2012).

III

Para resolver esta querella, consideraremos en conjunto los dos primeros cargos que se le imputan al Juez González Porrata-Doria. Esto es, intervenir con el testimonio potencial de su secretaria, la señora Miranda Maisonet, en un procedimiento ético en su contra y no tratarla con la consideración o el respeto adecuado.

Como vimos, la relación laboral entre el Juez González Porrata-Doria y la señora Miranda Maisonet comenzó en el año 2000. Producto de dicha relación se creó una amistad entre el Juez y su exesposa con la señora Miranda Maisonet y su esposo. Esa amistad propició que luego de que el Juez y la señora Vázquez Martínez se divorciaran, éstos utilizaran a la señora Miranda Maisonet como mensajera en el proceso post-divorcio. Esto le provocó incomodidad y preocupación a la señora Miranda Maisonet, quien así se lo dejó saber al Juez y a su exesposa.

Sin embargo, tras ser notificado de que su exesposa le había presentado una queja ética, el Juez González Porrata-Doria acudió inmediatamente a la señora Miranda

Maisonet para indicarle cómo tenía que testificar. Específicamente, le dijo que declarara que la señora Vázquez Martínez la hostigaba y la acosaba. Aun cuando la señora Miranda Maisonet le aclaró que eso no era cierto y le pidió que no la involucrara en sus asuntos personales, el querellado insistió. Esto provocó que la señora Miranda Maisonet acudiera ante el Juez Administrador en busca de ayuda.

Esta conducta viola el Canon 7 de Ética Judicial, supra, el cual expresamente proscribe que las juezas y los jueces intervengan de forma indebida con los testigos en un proceso disciplinario. Al respecto, el Juez González Porrata-Doria adujo que su intención no fue intervenir con el testimonio ni forzar a que la señora Miranda Maisonet mintiera. Por el contrario, sostuvo que él estaba bajo la impresión de que su secretaria se sentía hostigada por las llamadas de su exesposa y que así lo había manifestado cuando pidió que no la utilizaran como mensajera.

Sin embargo, su apreciación de lo sucedido no justifica que, luego de que la señora Miranda Maisonet le aclarara la situación, el Juez González Porrata-Doria insistiera, de forma obstinada, en que ella declarara de forma contraria a lo que le había manifestado. Cabe destacar, que la señora Miranda Maisonet le dejó saber al Juez González Porrata-Doria, sin ambages, su posición de no declarar algo que consideraba falso. Así, aún presumiendo que inicialmente el Juez estuviera bajo la

impresión de que su solicitud era legítima, una vez la señora Miranda Maisonet le manifestó que no podía decir lo que el Juez le indicaba por ser falso, debió desistir y no hablar más del asunto.

Por lo tanto, al insistir que declarara de una forma distinta a como ella se sentía, el Juez González Porrata-Doria intervino indebidamente con una potencial testigo en un proceso disciplinario, usando su autoridad como Juez y como supervisor directo de la señora Miranda Maisonet para influenciar su testimonio. Esta actuación lacera la integridad de los procesos disciplinarios y choca frontalmente con el mandato que le impone a los miembros de la judicatura el Canon 7 de Ética Judicial, supra, a saber: cooperar con esos procesos y no intervenir indebidamente con los testigos.

Asimismo, esta conducta infringió el Canon 13 de Ética Judicial, supra, que requiere que las juezas y los jueces observen un trato respetuoso y considerado en todo momento. Al presionar a la señora Miranda Maisonet para que mintiera para su beneficio, el querellado promovió un ambiente de trabajo hostil que la afectó emocionalmente y que provocó que fuera trasladada a otro tribunal y luego ingresada en el Hospital Panamericano. La relación de amistad que había es irrelevante en este contexto. La señora Miranda Maisonet era una empleada de la Rama Judicial a quien el Juez González Porrata-Doria debió tratar con respeto y consideración. En lugar de

incomodarla y presionarla, su deber, como supervisor y como Juez, era procurar un ambiente sano de trabajo que no afectara las funciones judiciales y administrativas que ambos estaban llamados a prestar.

El último cargo que se le imputó fue infringir el Canon 23 de Ética Judicial, <u>supra</u>, al contactar personalmente a la abogada de su exesposa estando pendiente un caso entre ambos.[7] Aunque el Juez reconoció que fue una imprudencia llamar a la licenciada Serrano Martínez para decirle "a modo de cortesía" que su clienta "estaba loca" y que hablaba mal de ella, trató de justificarlo diciendo que "la llamada se la hizo a una abogada que no es una persona desvalida y que pudo haber cortado con la sola acción de decir... que no le interesaba conversar nada con él". *Memorando de derecho*, pág. 13.

Esta justificación no solo es improcedente, sino que demuestra una total ausencia de circunspección del Juez. El Canon 23 obliga a los miembros de la judicatura a conducir los asuntos de su vida privada de forma tal que no deshonren la legitimidad del cargo ni creen dudas sobre su capacidad para adjudicar imparcialmente. Tras examinar el expediente de la querella tenemos que concluir que al hacer esta llamada el Juez González Porrata-Doria trató de intervenir de forma indebida con la relación

---

[7] Máxime cuando el Juez González Porrata-Doria tenía representación legal en el caso pendiente.

abogada-clienta, promoviendo diferencias entre su exesposa y su representante legal.

Asimismo, al decirle que mantuviera la conversación confidencial, el Juez pretendió que la licenciada Serrano Martínez faltara al deber de lealtad y a la obligación ética de mantener informada a su clienta. Además, constituyó un abuso de autoridad pues generó la preocupación en la licenciada Serrano Martínez de que si cumplía con su deber ético, el Juez González Porrata-Doria tomaría represalias contra ella que muchas veces postulaba en el mismo centro judicial donde él laboraba. *Transcripción de vista evidenciaria*, págs. 49-50.

En atención a todo lo anterior, concluimos, al igual que lo hizo la Comisión, que el Juez González Porrata-Doria violó los Cánones 7, 13 y 23 de Ética Judicial, supra. No obstante, la Comisión recomienda que limitemos la sanción disciplinaria a una censura enérgica. No estamos de acuerdo. Los hechos de este caso ameritan una sanción más severa. Si bien las determinaciones de la Comisión merecen nuestra deferencia, "ello no supone una abdicación de este Tribunal para aplicar la acción disciplinaria que estime adecuada". In re Acevedo Hernández, supra, pág. 23; In re Sierra Enríquez, supra, pág. 853.

Las faltas que el Juez González Porrata-Doria cometió son serias y de una gravedad inaceptable para el cargo de Juez Superior. Este intervino indebidamente con una

potencial testigo en un procedimiento en su contra, así como con la relación de confianza que existía entre su exesposa y su abogada, utilizando las prerrogativas de su cargo. Además, promovió un ambiente laboral tenso y hostil que, según alegó la señora Miranda Maisonet, afectó su desempeño y salud emocional. Esta conducta atentó contra la integridad de los procesos disciplinarios, la imparcialidad en la función adjudicativa y la dignidad de una empleada del tribunal. El Juez González Porrata-Doria debió saber que la honorabilidad del cargo se engrandece o se desprestigia según las actuaciones en la vida privada, pues éstas tienen la capacidad de influir sobre la legitimidad del sistema de justicia.

Más ahora que nunca, la sociedad espera una judicatura que sea representativa de los más altos estándares de honradez, rectitud y justicia. En momentos en que la Rama Judicial trabaja por fomentar el acceso a los procesos judiciales y una mayor transparencia, las juezas y los jueces tenemos el deber de actuar de conformidad con ese objetivo, ayudando con nuestro ejemplo a fortalecer la confianza en la cual se basa la legitimidad de nuestra institución. Por eso, este Tribunal será justo, pero estricto a la hora de velar por el fiel cumplimiento de las normas éticas contenidas en el Código de Ética Judicial, supra.

Por tanto, incumpliríamos con nuestro deber de proteger nuestro sistema de justicia si permitimos que

este Juez continúe representando a la Rama Judicial cuando su conducta no solamente mancilla la imagen de la judicatura, sino que también demuestra un claro abuso de poder y un menosprecio a la verdad.

Asimismo, descuidamos la integridad y legitimidad de la Rama Judicial manteniendo en la judicatura a un Juez que manipuló a una potencial testigo en un proceso disciplinario en su contra. Dicha falta, en conjunto con las otras, evidencia que éste no respeta ni reconoce la importancia de su cargo. Ante estas circunstancias, resulta insostenible depositar nuestra confianza y la del Pueblo en esta persona.

Por consiguiente, tomando en cuenta las violaciones éticas cometidas, los efectos que tuvo su conducta y que no es la primera vez que este Tribunal lo disciplina,[8] ordenamos la destitución inmediata del Juez González Porrata-Doria. Esta medida es la más proporcional a su conducta insensata e imprudente, reñida con los principios y normas que gobiernan la función judicial.

IV.

Por las razones expuestas, concluimos que el Juez González Porrata-Doria violó los Cánones 7, 13 y 23 del Código de Ética Judicial, supra. Así, ordenamos su destitución inmediata.

Se dictará sentencia de conformidad.

---

[8] En el 2002 suspendimos al Juez González Porrata-Doria de empleo y sueldo por un período de tres meses. Véase In re: González Porrata-Doria, 158 DPR 150 (2002).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo J. González Porrata-Doria          AD-2014-6

SENTENCIA

En San Juan, Puerto Rico, a 17 de marzo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la destitución inmediata del Sr. Ricardo J. González Porrata-Doria como Juez Superior del Tribunal General de Justicia de Puerto Rico.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  La Jueza Asociada señora Pabón Charneco no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo