EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Hon. Elsie Ochoa D'Acosta<br>Juez Superior<br>Tribunal de Primera Instancia | 2022 TSPR 94<br><br>209 DPR \_\_\_\_ |
|---|---|

Número del Caso: AD-2021-0002


Fecha: 8 de julio de 2022


Oficina de Asuntos Legales
Oficina de Administración de los Tribunales:

    Lcdo. José R. Matos Zayas
    Lcda. Rosa María Cruz Nemiec


Comisión de Disciplina Judicial:

    Lcda. Lourdes Velázquez Cajigas, Presidenta
    Lcda. Ygrí Rivera Sánchez
    Lcda. Evelyn Benvenutti Toro
    Lcda. Aleida Varona Méndez
    Lcda. Nélida Jiménez Velazquez
    Lcdo. Reinaldo Catinchi Padilla


Abogados de la querellada:

    Lcdo. Guillermo Figueroa Prieto
    Lcdo. Mario A. Rodríguez Torres


Materia: Resolución del Tribunal con Votos particulares de conformidad y Votos particulares disidentes.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Elsie Ochoa D'Acosta
Juez Superior
Tribunal de Primera Instancia

AD-2021-0002

RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de julio de 2022.

Examinada la *Comparecencia en torno a la recomendación emitida por la Comisión de Disciplina Judicial, al amparo de la Regla 30(A) de las Reglas de Disciplina judicial* presentada por el Director Administrativo de los Tribunales, se desestima y se decreta el archivo de este asunto, sin más.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto particular de conformidad al cual se unieron la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco emitió un Voto particular de conformidad al cual se unieron el Juez Asociado señor Martínez Torres, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón. El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al cual se unió la Jueza Presidenta Oronoz Rodríguez. El Juez Asociado señor Colón Pérez emitió un Voto particular disidente al cual se unió la Jueza Presidenta Oronoz Rodríguez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hon. Elsie Ochoa D'Acosta
Jueza Superior

AD-2021-2

Tribunal de Primera Instancia
Sala Superior de Carolina

Voto Particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unieron la Jueza Asociada señora PABÓN CHARNECO, el Juez Asociado señor KOLTHOFF CARABALLO, el Juez Asociado señor RIVERA GARCÍA y el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico a 8 de julio de 2022.

Estoy conforme con el archivo de la querella que se presentó contra la Hon. Elsie Ochoa D'Acosta. No cabe duda de que, tal como concluyó correctamente la Comisión de Disciplina Judicial, **no hay prueba clara, robusta y convincente de que la Juez Ochoa D'Acosta infringió los Cánones 1, 13, 14 y 23 de Ética Judicial**, <u>infra</u>. Es improcedente que le censuremos porque detuvo una grabación no autorizada de conversaciones privadas de las funcionarias del tribunal, fuera de la vista en cuestión.

I

Según los hechos incontrovertidos y

estipulados, la Juez Ochoa D'Acosta autorizó a las abogadas, entre ellas la Lcda. Yadira Colón Alicea (quejosa), a **grabar los procedimientos** en un caso. Durante la vista, surgió una controversia evidenciaria por lo que la Juez decretó un receso. En ese momento, la alguacil instruyó a las partes a que abandonaran la sala con sus pertenencias. A pesar de estas instrucciones, la licenciada Colón Alicea dejó su teléfono celular grabando, pero recogió sus otras pertenencias.

Durante el receso y mientras la sala permanecía cerrada, las funcionarias del tribunal y la Juez Ochoa D'Acosta, quienes estaban conversando entre sí, se percataron de la presencia del teléfono celular ya que este comenzó a sonar. Cabe destacar que se trataba de una llamada de una perito a la que la Juez había indicado que no podía tener contacto con la licenciada Colón Alicea.

La Juez y las alguaciles notaron que el teléfono celular continuaba grabando. **Por eso, la Juez tocó la pantalla del dispositivo para detener la grabación.** Mientras una alguacil manejaba el teléfono celular, la grabación fue borrada. Resalta que la evidencia estipulada **no estableció que la Juez Ochoa D'Acosta fue quien eliminó la grabación.**

Así las cosas, se reanudó la sesión y la Juez fuera del récord narró lo sucedido a las abogadas. Expresó que el celular de la licenciada Colón Alicea se quedó grabando sin autorización las conversaciones de las funcionarias del

tribunal durante el receso. Si bien la Juez pidió a la licenciada Colón Alicea que borrara la grabación almacenada en "la nube" -que **contenía partes no autorizadas y comunicaciones privadas de funcionarias del tribunal**-, le expresó a la letrada que podía proveerle rápidamente la regrabación del récord del Tribunal.

II

A. El Canon 13, 4 LPRA Ap. IV-B, exige que los jueces traten con consideración y respeto a los participantes del proceso adjudicativo. In re Hon. Lugo Irizarry, 207 DPR 1032, 1050 (2021). Asimismo, les impone la responsabilidad de procurar en su sala un ambiente de respeto para todo el que comparece. In re Quiñones Artau, 193 DPR 356 (2015); In re Claverol Siaca, 175 DPR 177 (2009). A su vez, el Canon 23, supra, codifica que los jueces deben comportarse de manera que sus actuaciones no provoquen dudas sobre su capacidad para ejercer una función adjudicativa imparcial. In re Hon. Colón Colón, 197 DPR 728, 739-740 (2017); In re Acevedo Hernández, 194 DPR 344 (2015).

En el primer cargo de la querella, la Oficina de Administración de los Tribunales (OAT) imputó que la Juez infringió el Canon 13 y 23 de Ética Judicial, supra, al intervenir con un teléfono celular sin el consentimiento de su dueña y borrar la grabación, por su propia mano o instrucción. Sin embargo, no podemos pasar por alto que la Juez Ochoa D'Acosta **detuvo la grabación no autorizada de**

**unas conversaciones que se dieron fuera de la vista.** En incumplimiento de las instrucciones de la alguacil, la licenciada Colón Alicea dejó su teléfono grabando. Esto fue una intervención indebida en las comunicaciones de las funcionarias del tribunal.

¿Acaso nosotros no detendríamos una grabación no autorizada de nuestras conversaciones si descubriéramos que se está llevando a cabo? ¿Para detenerla sería necesario el consentimiento de la persona que está realizando la grabación no autorizada? Correctamente, la Comisión de Evaluación Judicial concluyó que no hay prueba clara, robusta y convincente de que se infringieron los cánones 13 y 23. Específicamente, esta razonó que desde el comienzo de la vista, la Juez trató con respeto a todas las partes y no hubo indicios de animosidad en su conducta.

La acción de detener la grabación no autorizada no puede catalogarse como una actuación indebida. Además, es incorrecto aseverar que la Juez fue quien borró o dio instrucciones de que se borrara la grabación. La prueba estipulada no estableció eso. Incluso, la aseveración de que la Juez facilitó la conducta del resto del personal es sacar los hechos de proporción.

B. Por otro lado, el Canon 14 de Ética Judicial, supra, dispone que los jueces tienen el deber de conservar la dignidad de los trámites judiciales y fomentar el respeto entre las partes. In re Hon. Benero García, 202 DPR 318,

380-381 (2019). Esta disposición va dirigida a evitar que un juez tome decisiones cegado por el poder. Íd. Además, requiere que los jueces: (1) mantengan una conducta propia y de circunspección; (2) no hagan comentarios ni gestos ajenos al proceso judicial; (3) dirijan los trabajos del tribunal con orden y decoro; (4) intervengan para impedir cualquier conducta impropia, y (5) eviten todo proceder que pueda afectar la dignidad y el respeto debido al tribunal. Canon 14 de Ética Judicial, supra.

En el segundo cargo la OAT indicó que la Juez incumplió el Canon 14, supra, al emitir cierto comentario sobre la licenciada Colón Alicea que supuestamente quedó grabado. A su entender, ese comentario dio la apariencia de que la Juez borró la grabación para que el comentario no se supiera. Sin embargo, debe quedar claro que los hechos estipulados y la prueba no sostienen que este comentario se haya hecho. Es decir, no hay prueba que establezca que este comentario se hizo, y mucho menos su contenido. De ese modo, no cabe hablar de que los comentarios de la Juez dieron la apariencia de conducta impropia.

Las conversaciones entre las funcionarias del tribunal y la Juez Ochoa D'Acosta no quebrantaron las disposiciones del Canon 14. Asimismo, el que la Juez detuviera la grabación no autorizada de una conversación tampoco configuró una violación del Canon 14. En realidad, lo que puede decirse es que, tal como requiere ese canon, la Juez

Ochoa D'Acosta intervino para impedir una conducta impropia de la abogada.

C. En lo relacionado, el Canon 1 de Ética Judicial, supra, expone que "Las juezas y los jueces respetarán y cumplirán la ley, y serán fieles al juramento de su cargo". Esto parte de la idea de que los jueces son los que primero están llamados a respetar y cumplir la ley. In re González Rodríguez, 201 DPR 174 (2018).

En el tercer cargo se alegó que la Juez quebrantó el Canon 1, supra, porque manipuló e intervino con un teléfono celular sin autorización de su dueña y para beneficio propio. Esto tampoco se demostró con prueba clara, robusta y convincente. La Juez no incumplió el juramento del cargo judicial que ocupa. No puedo avalar que se permita la grabación no autorizada e indebida de conversaciones de los funcionarios judiciales, mucho menos que se sancione a un miembro de la judicatura por detener una grabación indebida. ¿Un abogado puede grabar sin autorización conversaciones de funcionarios judiciales, pero el juez necesita la autorización de ese abogado para detener la grabación? ¿Se necesita la autorización del abogado que graba conversaciones sin autorización para que se detenga su conducta? ¿La intimidad de los funcionarios del tribunal no cuenta o es una de segunda categoría? ¿Quién protege la intimidad de sus conversaciones?

III

No hay prueba clara, robusta y convincente de que las acciones de la Juez Ochoa D'Acosta se apartaron de la ley, los Cánones de Ética, ni de las mejores tradiciones del sistema judicial. Si bien la Comisión de Disciplina Judicial discrepó del proceso seguido en cuanto a la eliminación de la grabación, **no pasó por alto que se trató de una situación irregular para la que no existe una norma establecida sobre el procedimiento a seguir.**

La irregularidad de la situación no puede ser excusa para sancionar a un miembro de la judicatura en ausencia del *quantum* de prueba requerido. No procede sancionar a la Juez Ochoa D'Acosta porque **detuvo una grabación no autorizada de conversaciones fuera de la vista en cuestión.** Indubitadamente debemos acoger la recomendación de la Comisión de Disciplina Judicial de desestimar y archivar la querella, sin más. Aquí no hay razón alguna para apartarnos de la reiterada norma de que esta determinación merece nuestra deferencia. Véanse, In re Candelaria Rosa, 197 DPR 445, 459-460 (2017); In re Quiñones Capacetti, 195 DPR 281, 289 (2016); In re Scherrer Caillet-Bois, 162 DPR 842, 862 (2004).

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Hon. Elsie Ochoa D´Acosta Jueza superior | AD-2021-0002 | |
| Tribunal de Primera Instancia Sala Superior de Carolina | | |

La Jueza Asociada señora Pabón Charneco emitió un Voto particular de conformidad al cual se unieron el Juez Asociado señor Martínez Torres, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón.

En San Juan, Puerto Rico a 8 de julio de 2022.

Estoy conforme con el archivo de la presente Queja por entender que es el proceder correcto ante la inexistencia de prueba clara, robusta y convincente que sostenga los cargos imputados. Por ello, coincidido con los criterios esbozados por la Comisión de Disciplina Judicial en su Informe. Ciertamente, la prueba que consta en el expediente ante nuestra consideración no es suficiente para concluir que la Hon. Elsie Ochoa D'Acosta infringió los Cánones 1, 13, 14 y 23 de Ética Judicial, *infra.* Ante ello, no procedía imponerle una sanción disciplinaria por hechos que no están contemplados por los Cánones de Ética Judicial. A saber, detener una grabación **no autorizada** de conversaciones **privadas** de funcionarias del tribunal mientras la vista que la Jueza Ochoa D'Acosta presidía se encontraba en un receso.

Lo que resulta patente de esta situación es la necesidad de discutir la adopción de posibles directrices sobre el uso de dispositivos móviles para la grabación de los procedimientos judiciales. Lo anterior, con el objetivo de que los abogados, abogadas, jueces y juezas tengan unas guías claras de cómo manejar situaciones como la que nos ocupa y que podrían surgir en un Salón de Sesiones. A falta de lo anterior, no contamos con las herramientas para determinar que la Jueza incurrió en alguna falta ética durante su manejo de los hechos que motivaron el procedimiento disciplinario en su contra.

I.

Surge de los hechos estipulados por las partes que la Jueza Elsie Ochoa D'Acosta (Jueza Ochoa D'Acosta) autorizó a la Lcda. Yadira Colón Alicea (licenciada Colón Alicea o promovente) a grabar los procedimientos con su celular. Durante uno de los días del juicio en su fondo de un pleito de relaciones abuelo filiales, surgió una controversia sobre la admisión de cierta evidencia y esto propició que se decretara un receso. Así las cosas, la Alguacila le requirió a todos los presentes que abandonaran el Salón de Sesiones con todas sus pertenecías y cerró la sala. Sin embargo, el teléfono celular de la promovente se quedó en el Salón de Sesiones y continuó grabando.

Durante el receso, varias funcionarias del tribunal y la Jueza Ochoa D'Acosta se encontraban conversando en la sala cuando comenzó a sonar un teléfono celular que no le

pertenecía a ninguna de ellas. Se trataba del teléfono celular de la licenciada Colón Alicea. En ese momento, se percataron que el dispositivo continuaba grabando. Por esta razón, la Jueza tomó el dispositivo móvil y detuvo la grabación. Acto seguido, mientras una Alguacila manejaba el teléfono celular, la grabación fue borrada.

Acontecido lo anterior, se reanudaron los procedimientos y la Jueza Ochoa D'Acosta le pidió a las abogadas de las partes que se acercaran al estrado y les explicó lo sucedido. En particular, la Jueza indicó que durante el receso, el celular de la licenciada Colón Alicea permaneció en el Salón de Sesiones grabando las conversaciones de las funcionarias del tribunal sin autorización. Además, que ella accedió a este para detener la grabación, la cual luego fue borrada. En respuesta, la promovente expresó que entendía que la grabación borrada continuaba almacenada en la nube, por lo que la Jueza le ordenó que procurara que la grabación también quedara borrada de la nube, y le manifestó que se le proveería la regrabación del récord del tribunal.

Posteriormente, la licenciada Colón Alicea presentó una Queja disciplinaria contra la Jueza Ochoa D'Acosta. La Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales (OAT) inició la investigación de rigor. Con la autorización correspondiente de la Comisión de Disciplina Judicial, se presentaron tres cargos disciplinarios en contra de la magistrada.

II.

En cuanto al asunto que nos atañe, el Canon 1 de Ética Judicial, 4 LPRA Ap. IV-B, establece que las juezas y los jueces "respetarán y cumplirán la ley, y serán fieles al juramento de su cargo". El propósito de esta norma es transmitir la idea de que los jueces son los primeros obligados a respetar y cumplir la ley. *In re González Rodríguez,* 201 DPR 174 (2018).

Por otro lado, el Canon 13 de Ética Judicial, *supra,* requiere que los jueces y juezas traten con consideración y respeto a los abogados y abogadas. *In re Lugo Irizarry,* 207 DPR 1032, 1050 (2021). Igualmente, la clase togada está obligada a fomentar y ejercer un trato respetuoso y cordial hacia todas las personas que comparezcan a sus salas. Íd., pág. 1046.

De otra parte, el Canon 14, *supra,* establece, en lo pertinente, que los jueces y las juezas tienen el deber de conservar la dignidad de todo trámite judicial y fomentar el respeto entre las partes. *In re Benero García,* 202 DPR 318, 380 (2019). De tal manera, aunque el juez o la jueza sea provocada por la conducta de una parte, debe evitar toda acción que lesione la solemnidad y el decoro de los procedimientos judiciales. *In re Quiñones Artau,* 193 DPR 356, 382 (2015).

Ahora bien, el Canon 23 de Ética Judicial, *supra,* instruye que la conducta de las juezas y jueces en actividades fuera del estrado debe evitar que se levanten

cuestionamientos sobre su capacidad para rendir su labor imparcialmente y no deshonren el cargo que ocupen. *In re Colón Colón,* 197 DPR 728, 740 (2017); *In re Quiñones Artau,* supra.

### III.

Como bien explicó la Comisión de Evaluación Judicial, **no hay prueba clara, robusta y convincente** de que la Jueza Ochoa D'Acosta infringió alguna ley o se apartó de las exigencias del cargo judicial que ocupa. Por esta razón, no se justifica una sanción disciplinaria en su contra. Veamos.

El primer cargo de la Querella le imputa a la Jueza una violación a los Cánones 13 y 23 de Ética Judicial, *supra,* por intervenir imprudentemente y contrario a los deberes de su cargo con el teléfono celular de la licenciada Colón Alicea y borrar, o permitir que se borrara la grabación almacenada en el dispositivo móvil. Del expediente surge claramente que la Jueza Ochoa D'Acosta exhibió un trato respetuoso y cordial con todas las personas que participaron del procedimiento en todo momento. Este incidente, cabe recalcar, surgió cuando durante un receso decretado por el Tribunal y mientras varias funcionarias del Tribunal mantenían una conversación **privada.** Entonces, al percatarse de que el teléfono celular de la licenciada Colón Alicea continuaba grabando sin autorización para ello, la Jueza Ochoa D'Acosta tomó la decisión prudente de detener la grabación.

No surge de ningún documento ante nuestra consideración que la Jueza tuviese alguna motivación ulterior al detener la grabación. Consecuentemente, me parece lamentable cualquier intento por nuestra parte de atribuir su conducta a un fallo a su deber de imparcialidad o a la deshonra en el ejercicio de su cargo. Nuevamente, la conducta desplegada por la jueza, según consta en el expediente ante nos, no demuestra de manera alguna infracción al deber de respeto y cordialidad que exige el Canon 13 de Ética Judicial, *supra,* ni a los preceptos sobre conducta fuera del estrado que regula el Canon 23 Ética Judicial, *supra*.

Por otro lado, el segundo cargo de la Querella sugiere que la Jueza violó el Canon 14 de Ética Judicial, *supra,* al comentar sobre la licenciada Colón Alicea y que la jueza recurrió a borrar la grabación para protegerse y evitar que este comentario fuese conocido por la promovente. Como expuse, este Canon le impone a las juezas y jueces el deber de conservar la dignidad de todo trámite judicial y fomentar el respeto entre las partes. Además, se ha elaborado que el juez o la jueza debe evitar toda acción que lesione la solemnidad y el decoro de los procedimientos judiciales, aunque sea provocado o provocada por una parte.

Ante la imputación de comentarios específicos a la Jueza Ochoa D'Acosta, reiteramos que la conversación fue grabada sin autorización y tuvo lugar durante un **receso** de la vista que la magistrada presidía el día de los hechos. Es decir, de esta actuación no podemos razonablemente concluir

que hubo una infracción a los deberes que los jueces y juezas deben observar **durante** el proceso judicial. Además, no encuentro razón que pueda conducir a este Tribunal para determinar que lo imputado en este cargo lesionó la solemnidad, dignidad o decoro del procedimiento judicial.

Específicamente, no se probó que la Jueza emitió un comentario contra la promovente que quedara grabado, por lo que no podemos entrar a especular sobre este particular. A esos fines, hemos expresado que este Tribunal rechazará toda prueba que equivalga a especulación o conjetura basada en hechos que no sostengan adecuadamente las conclusiones a las que llegan. *Alonso García v. Comisión Industrial,* 103 DPR 712, 715 (1975). De hecho, lo único que se desprende del Informe de la Comisión de Disciplina Judicial sobre la conversación que tuvo la Jueza con las funcionarias del tribunal durante el receso —comunicación que era privada— es que esta se limitó a explicar la determinación que tomó **antes** del receso. Nuestra función evaluadora debe limitarse a las alegaciones de las partes que cumplan con el estándar probatorio de rigor. Esto, lejos de reflejar una actitud laxa o indiferente para con el procedimiento disciplinario que nos ocupa, es simplemente un ejercicio mesurado de nuestra prerrogativa disciplinaria. Ni más ni menos. Por tanto, no procede discutir la apariencia impropia de comentarios que no se probó que se emitieron.

Por más preocupante, inaceptable o hasta inmoral que una situación nos podrá parecer, la realidad es que **nuestras**

**conclusiones no deben ceder ante argumentos pasionales, medias verdades o alegaciones que la prueba admitida no sostiene**. La Querella afirma que la grabación fue borrada para proteger a la Jueza y evitar que la promovente conociera la crítica hecha hacia su persona. Nuevamente, no contamos con prueba clara, robusta y convincente para validar esta imputación. Lo contrario, sería abdicar nuestra función como ente disciplinario para dar lugar a un mar de especulaciones o supuestos imaginarios de lo que pudo haber contenido la grabación en cuestión. En cambio, lo que sí se desprende del expediente es que la Jueza Ochoa D'Acosta decidió detener una grabación **no autorizada** de conversaciones que se llevaban a cabo durante el receso de una vista de un juicio en su fondo. Eso, a mi entender, es suficiente para comprender el curso de acción de la togada y además, no constituye una violación ética.

El tercer y último cargo le imputa a la Jueza Ochoa D'Acosta una violación al Canon 1 de Ética Judicial, *supra,* por manipular e intervenir con el teléfono celular de la promovente. Sin embargo, al momento no existen directrices para el manejo de estos dispositivos electrónicos que se utilizan para grabar en el salón de sesiones.[1] Menos aún

---

[1] La Conferencia de Jueces Presidentes y la Conferencia de Administradores de Cortes Estatales emitieron una Resolución mediante la cual indicaron que ciertas jurisdicciones en los Estados Unidos han adoptado políticas variadas para manejar el uso de dispositivos electrónicos en las cortes. Véase:*https://www.uscourts.gov/sites/default/files/portable_comm_devices_policy.3.12.17.pdf.*

En nuestra jurisdicción, solamente contamos con una enmienda de 2015 al Canon 15 de Ética Judicial que permite el uso de computadoras portátiles,

contamos con alguna directriz que instruya cómo proceder cuando se revela una grabación no autorizada. Para manejar adecuadamente algún incidente de esta naturaleza, el tribunal debe estar en posición de considerar guías claras que le permitan decidir inequívocamente cómo remediar la situación. El disgusto o incomodidad que pueda producir esta situación, sin más, no puede servir de base para sancionar a la Jueza Ochoa D'Acosta por detener una grabación no autorizada. Esa situación particular, y anómala por demás, es lo único que estamos en posición de considerar al momento de nuestra evaluación.

Por todo lo que antecede, razono que no contamos con el estándar de prueba requerido para imponer sanción disciplinaria alguna a la Jueza Ochoa D'Acosta. Acorde con ello, no puedo avalar tal proceder como pretenden los Votos Disidentes. En fin, el Informe rendido por la Comisión de Disciplina Judicial arribó a la conclusión correcta y un análisis independiente del asunto ante nos lo demuestra. Es por ello que me rehúso a entrar en el campo especulativo que podría resultar en un ataque desmedido contra una funcionaria del Poder Judicial que no transgredió nuestra

---

teléfonos celulares y otros equipos electrónicos para recopilar y transmitir información. Véase *In re Enmienda al Canon 15 de Ética Judicial.* En cambio, en jurisdicciones como Connecticut y Nueva Jersey existen directrices específicas que regulan el uso autorizado de distintos equipos electrónicos dentro de las cortes. Particularmente, el estado de Nueva Jersey cuenta con una directriz que incluso contempla el uso no autorizado de dispositivos electrónicos dentro de la corte y establece las posibles sanciones que esto podría acarrear. Véanse: *https://www.jud.ct.gov/ElectronicDevices_superior.pdf; https://www.njcourts.gov/notices/2020/n200427a.pdf?c=Drz.*

normativa ética judicial. Por tanto, estoy conforme con el
archivo de esta querella.


                              Mildred Pabón Charneco
                                Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In Re:<br><br>Hon. Elsie Ochoa D'Acosta<br>Juez Superior<br>Tribunal de Primera Instancia | AD-2021-0002 |

Voto particular disidente emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ, al cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 8 de julio de 2022.

Al pasar juicio sobre la conducta desplegada por la Hon. Elsie Ochoa D'Acosta (jueza Ochoa D'Acosta o querellada), este Tribunal debió concluir que esta se apartó de los postulados éticos que imponen los Cánones de Ética Judicial, 4 LPRA Ap. IV-B. Su participación en un incidente donde el teléfono celular de una abogada, en su ausencia y sin su consentimiento, fue registrado y parte de su contenido eliminado, no permitía alguna otra conclusión.

Por la naturaleza de los actos de la jueza Ochoa D'Acosta, los cuales representan intromisiones injustificadas sobre la intimidad y propiedad privada sensitiva de una persona, este Tribunal no debió abdicar su facultad disciplinaria y despachar livianamente este asunto.

A pesar de la gravedad de esta situación, la respuesta de una mayoría de este Tribunal es validar sub silentio este proceder al ordenar la desestimación y el archivo de la Querella ética sin más. Por tanto, disiento.

Para contextualizar mi postura, es menester exponer los hechos que desencadenaron en la presente controversia.

**I**

La jueza Ochoa D'Acosta juramentó a su cargo como jueza municipal el 1 de diciembre de 2010 y, el 25 de marzo de 2019, fue nombrada jueza superior. Como parte de sus funciones judiciales, esta presidió los procedimientos del caso *F CU2016-0108* sobre relaciones abuelo filiales. Las licenciadas Sylvia Juarbe Berríos y Yadira Colón Alicea (Lcda. Colón Alicea o promovente) fungieron como representantes legales de las partes.[1]

El 20 de noviembre de 2019, mientras continuaba el juicio y **como era habitual en este caso**, la jueza Ochoa D'Acosta autorizó a las abogadas a grabar los procedimientos. Para ello, la Lcda. Colón Alicea utilizó su teléfono celular, el cual ubicó cerca de la silla donde declaraban los testigos.

En ese día, la Lcda. Colón Alicea estaba interrogando a su perito cuando se suscitó una controversia con respecto

---

[1] Los hechos que se relatan a continuación en este Voto particular disidente no están en controversia toda vez que estos fueron estipulados por las partes mediante una Moción sometiendo estipulaciones de hechos presentada ante la Comisión de Disciplina Judicial.

a la toma de conocimiento judicial de una carta circular del Poder Judicial que no había sido anunciada previamente. Ante el impasse, la jueza Ochoa D'Acosta decretó un receso hasta la 1:30 p.m. Acto seguido, la alguacila informó a las partes que debían abandonar la sala. Así las cosas, la Lcda. Colón Alicea recogió sus pertenencias y procedió a desalojar el salón de sesiones. Sin embargo, olvidó recoger su teléfono celular del lugar donde lo había ubicado para grabar los procedimientos.

Luego de que el salón de sesiones quedara desolado, la alguacila de sala lo cerró con llave y se quedó en su interior conversando con el personal del Tribunal allí presente. Posteriormente, la jueza Ochoa D'Acosta se unió a la conversación e intercambiaron impresiones sobre la controversia que se produjo previo al receso. Tras varios minutos de tertulia, sonó un teléfono celular que no le pertenecía a alguna de las personas que estaban allí y cuyo sonido provenía del banquillo de los testigos. Por instrucción de la jueza Ochoa D'Acosta, la alguacila buscó el teléfono celular y lo ubicó en la mesa donde platicaba con el personal. El teléfono celular era el de la Lcda. Colón Alicea.

Mientras tocaban la pantalla del teléfono celular, se percataron que este continuaba grabando a pesar del receso decretado. En respuesta, la jueza Ochoa D'Acosta accedió al control de la aplicación utilizada para grabar y la detuvo. No conforme con lo anterior, esta observó fija y

detenidamente cómo el personal a su cargo continuaba registrando el teléfono celular de la Lcda. Colón Alicea. Como resultado, la totalidad de la grabación fue borrada del teléfono celular.

Al reanudarse los procedimientos, la jueza Ochoa D'Acosta solicitó a las abogadas de las partes que se acercaran al estrado. Inmediatamente, ordenó que se apagara el récord de grabación oficial del tribunal. En ese momento le comunicó a la Lcda. Colón Alicea que su teléfono celular se quedó en el salón de sesiones durante el receso, que este continuó grabando, que ella accedió su teléfono para pausar la grabación y que también esta fue borrada en el interín.

Ante ello, la Lcda. Colón Alicea manifestó que entendía que la grabación eliminada debía estar almacenada en la nube. La jueza Ochoa D'Acosta reaccionó ordenándole que se asegurara que la grabación también fuese borrada de la nube. La promovente mostró inconformidad con que se hubiera manejado su celular y borrado la grabación sin su consentimiento y presencia, mas cumplió con lo ordenado. A raíz de lo anterior, la jueza Ochoa D'Acosta verbalizó a la promovente que tenía razón y que entendía su inconformidad con la forma en que se había manejado su teléfono celular.

Así las cosas, el 23 de diciembre de 2019, la Lcda. Colón Alicea presentó una Queja contra la jueza Ochoa D'Acosta. Entre otras cosas, le imputó el mal manejo de

su teléfono celular. Tras evaluar el <u>Informe de investigación</u>, el 26 de agosto de 2021, la Oficina de Administración de los Tribunales (OAT) presentó una <u>Querella</u> en la que formuló los cargos siguientes:

> **Primer Cargo:** La querellada vulneró la conducta proscrita por los Cánones de Ética Judicial al manipular e intervenir, de modo imprudente, irrazonable y contrario a los deberes de su cargo, con un teléfono celular sin el consentimiento ni el conocimiento de su dueña, la licenciada Colón Alicea, y borrar la grabación del audio del 20 de noviembre de 2019, ya fuera con su propia mano o en su presencia bajo su instrucción y comando, en contravención con lo dispuesto en el Canon 13 y 23 de Ética Judicial

> **Segundo Cargo:** La querellada vulneró la conducta proscrita por los Cánones de Ética Judicial al emitir un comentario a los efectos de que la licenciada Colón Alicea trataba de entrar evidencia que no le había entregado a la licenciada Juarbe Berríos para que la examinara, en contravención con lo dispuesto en el Canon 14 de Ética Judicial. Dicho comentario quedó grabado en el teléfono celular de la licenciada Colón Alicea, siendo el detonante o dando la apariencia de que la Jueza incurrió en la conducta impropia de borrar la grabación para protegerse y evitar que la crítica hacia la licenciada Colón Alicea fuera conocida por esta.

> **Tercer cargo:** La querellada, al manipular e intervenir con un teléfono celular sin autorización de su dueña y para beneficio propio, en menosprecio a los deberes éticos que viene llamada a estudiar y aplicar con rigurosidad a su realidad particular, así como al no cumplir fielmente con la normativa legal que prohíbe apoderarse de

objetos o material de una persona sin su consentimiento y autorización, y con la protección que el ordenamiento estatal y federal le reconocen al teléfono celular, infringió lo dispuesto en el Canon 1 de Ética Judicial.

Tras los trámites de rigor, las partes presentaron una Moción sometiendo estipulaciones de hechos en la cual consignaron cuarenta y ocho (48) hechos.[2] Con base en estos, el 4 de mayo de 2022, la Comisión de Disciplina Judicial (Comisión) sometió un Informe.[3] En este concluyó que no existía prueba clara, robusta y convincente de que la jueza Ochoa D'Acosta hubiese incurrido en alguna transgresión ética durante el incidente relatado previamente. Ello, tras colegir que "si bien discrepamos del proceso seguido en cuanto a la eliminación de la grabación del teléfono celular de la licenciada Colón Alicea, no podemos pasar por alto que se trató de una situación irregular para la cual no existe una norma establecida sobre el procedimiento a seguir".[4] Amparado en esto último, la Comisión recomendó desestimar y archivar la Querella de epígrafe.

---

[2]Véase, Informe de la Comisión de disciplina judicial, págs. 7-14.

[3]**Nótese que todos los hechos sometidos por las partes fueron acogidos en el Informe de la Comisión de Disciplina Judicial.**

[4]Informe de la Comisión de disciplina judicial, págs. 21-22.

Oportunamente, la OAT compareció ante nos mediante un escrito en el que nos urge a no acoger la recomendación de la Comisión. Para la OAT, la conducta desplegada por la jueza Ochoa D'Acosta se apartó de aquella esperada por una miembro de la Judicatura debido a que accedió, registró y participó en la eliminación del contenido que guardaba el teléfono celular en cuestión. Por consiguiente, aduce que es forzoso concluir que se configuró una infracción ética la cual amerita la imposición de alguna medida disciplinaria.

No obstante, hoy, una mayoría de este Tribunal acoge la postura de la Comisión y ordena su desestimación y archivo. Lo anterior, a pesar de que no existe controversia en cuanto a que la jueza Ochoa D'Acosta participó de una intromisión indebida en el teléfono celular de la letrada, el cual está cobijado por una expectativa de intimidad, que culminó con la eliminación de parte de su contenido. **No puedo unirme a ese proceder**.

Por tanto, desde el disenso procedo a exponer los fundamentos en Derecho que enmarcan mi postura.

## II

Como es sabido, el comportamiento ético y prudente de los miembros de la Judicatura constituye uno de los pilares en los que se cimienta nuestro sistema judicial. Por ello, estos tienen el deber ineludible de cumplir con unas normas mínimas de conducta enmarcadas en los Cánones de Ética Judicial, supra. Estos deberes deben ser

cumplidos celosamente por aquellos que tienen la encomienda de impartir justicia. In re Hon. Lugo Irizarry, 207 DPR 1032, 1045-46 (2021). "Eso implica que los jueces deben ser rigurosos al estudiar y aplicar los cánones de ética a sus realidades particulares, pues '[s]u contenido y alcance serán delimitados por los distintos escenarios en los que se desempeñen'". In re Birriel Cardona, 184 DPR 301, 307 (2012) (citando a In re Claverol Siaca, 175 DPR 177, 188 (2009)).

Los Cánones de Ética Judicial tienen el propósito de promover la confianza de la ciudadanía en nuestro sistema judicial. In re Hon. Colón Colón, 197 DPR 728, 736 (2017); In re Sierra Enríquez, 185 DPR 830, 850 (2012). Esto, pues "[l]a confianza que deposita el pueblo en la justicia exige que los jueces actúen correctamente y promuevan la impresión de que actúan conforme a los más altos niveles de principios morales". In re Quiñones Artau, 193 DPR 356, 376 (2015). **Esto, ya que los jueces y las juezas "encaran la imagen de la Rama Judicial y su comportamiento desacertado lacera la percepción pública y la confianza en la institución que juramentaron servir".** (Negrillas suplidas). In re Hon. González Rodríguez, 201 DPR 174, 205 (2018).

Así pues, el Canon 1 de Ética Judicial, supra, establece que las juezas y los jueces "respetarán y cumplirán la ley, y serán fieles al juramento de su cargo". Íd. Este canon representa una afirmación de que los

miembros de la judicatura tampoco están por encima de la ley, sino que son los primeros llamados a respetarla. Véase, In re Aprobación Cánones Ética 2005, 164 DPR 403, 411 (2005).

Por su parte, el Canon 13 de Ética Judicial, supra, preceptúa que las juezas y los jueces "tratarán con consideración y respeto a las abogadas y a las abogadas" y "[r]equerirán igual conducta de parte de [las funcionarias y los funcionarios] del tribunal que estén bajo su dirección". Íd. Tal responsabilidad está predicada en el deber de "procurar en su sala un ambiente de respeto a la dignidad de todo ser humano que allí comparece". In re Aprobación Cánones Ética 2005, supra, pág. 427.

De manera análoga, el Canon 14 de Ética Judicial, supra, dispone que:

> **En el curso de los procedimientos judiciales, las juezas y los jueces mantendrán su conducta dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesivas.** Tampoco harán comentarios ni gestos ajenos al proceso judicial, entendiéndose comprendidos dentro de esta prohibición, aquellos comentarios, expresiones o gestos que envuelvan burla o mofa. No ridiculizarán de modo alguno a abogadas, abogados, partes, testigos, funcionarias o funcionarios del tribunal ni a otras personas que acudan ante el tribunal.
> **Las juezas y los jueces** dirigirán los trabajos del tribunal con orden y decoro, y evitarán todo proceder que pueda afectar la dignidad y el respeto debido al tribunal. **Intervendrán para impedir cualquier conducta impropia de las partes, las abogadas y los**

> **abogados o cualquier otra persona, y tomarán las acciones que procedan de acuerdo con la ley, los Cánones del Código de Ética Profesional y las mejores tradiciones del sistema judicial**. (Negrillas suplidas). Íd.

Al interpretar el alcance de este canon, hemos expresado que los jueces y las juezas tienen el deber de conservar la dignidad de todo trámite judicial y fomentar el respeto mutuo entre las partes. In re Quiñones Artau, supra, pág. 381. **Asimismo, este Tribunal ha sido enfático en que "aunque la figura del juez está revestida de autoridad, [e]sta no debe utilizarse indebidamente dentro o fuera del tribunal"**. (Negrillas suplidas). In re Hon. Benero García, 202 DPR 318, 381 (2019) (citando a In re Cruz Aponte, 159 DPR 170, 180 (2003)).

Cónsono con ello, al interpretar el Canon 23 de Ética Judicial, supra, hemos preceptuado que las juezas y los jueces deben observar un comportamiento que **enaltezca el cargo judicial y fomenten el respeto hacia este**. In re Candelaria Rosa, 197 DPR 445, 462 (2017). En consecuencia, "'[s]e espera que [estas y estos], a través de sus acciones, no lesionen la imagen del Sistema Judicial". In re Hon. Lugo Irizarry, supra, pág. 1051 (citas omitidas).

Por otro lado, por mandato constitucional, recae sobre este Tribunal Supremo la autoridad exclusiva para atender los asuntos disciplinarios relacionados con los jueces y las juezas del Tribunal de Primera Instancia y el Tribunal de Apelaciones. Art. V, Sec. 11, Const. PR.

LPRA, Tomo 1, ed. 2016, págs. 432-33. Para llevar a cabo esa encomienda, somos asistidos por la Comisión. Esta, una vez se radica una querella ética, realiza la función importante de aquilatar la prueba para formular determinaciones de hechos, conclusiones de Derecho y recomendaciones de sanciones. In re Quiñones Capacetti, 195 DPR 281, 289 (2016); In re Ruiz Rivera, 186 DPR 246, 253 (2006); In re Aprobación Reglas, 164 DPR 137, 147 (2005). Con relación al informe que nos presenta la Comisión, es norma reiterada que no alteraremos sus determinaciones de hechos excepto que se demuestre parcialidad, prejuicio o error manifiesto. In re Hon. Maldonado Torres, 152 DPR 858, 869 (2000). Esa norma responde a que la Comisión ocupa el papel de juzgador de primera instancia y, por lo tanto, está en mejor posición para aquilatar la prueba testifical. Íd.

**Sin embargo, reiteradamente hemos establecido que no venimos obligados a ratificar el informe preparado por la Comisión en torno a una querella disciplinaria.** In re Hon. González Rodríguez, supra, pág. 208; In re González Porrata-Doria, 197 DPR 683, 695 (2017) In re Candelaria Rosa, supra, págs. 459-60; In re Hon. Colón Colón, supra. **Entiéndase, la recomendación de la Comisión no nos vincula; queda a discreción de este Tribunal, conforme a su autoridad en materia disciplinaria adoptarlo, modificarlo o rechazarlo.** In re Hon. González Rodríguez, supra, pág. 208; In re González Porrata-Doria, supra; In

re Candelaria Rosa, supra. Claramente, esto incluye tomar un curso de acción distinto al propuesto por la Comisión y la potestad de imponer una sanción disciplinaria que estimemos adecuada a tono con las circunstancias que se presenten caso a caso. In re Hon. González Rodríguez, supra, pág. 208. **Lo contrario supondría una abdicación de este Tribunal para aplicar la acción disciplinaria que estime adecuada.** In re Acevedo Hernández, 194 DPR 344, 364 (2015).

A la luz de este marco normativo, procedo a evaluar la conducta imputada a la jueza Ochoa D'Acosta y a exponer los fundamentos por los cuales considero que no se debió desestimar y archivar esta Querella.

## III

De entrada, contrario al criterio mayoritario, considero que la conducta desplegada por la jueza Ochoa D'Acosta durante y posterior al incidente con el teléfono celular de la Lcda. Colón Alicea no debió permanecer impune.

Un análisis objetivo de las determinaciones de hechos, las cuales fueron estipuladas por las partes, hace forzoso concluir que la jueza Ochoa D'Acosta incurrió en las violaciones éticas imputadas. Para ello, conviene resaltar algunas de estas determinaciones:

> 11. Decretado el receso, las partes, la licenciada Colón Alicea y la licenciada Juarbe Berríos salieron de la Sala. La licenciada Colón Alicea recogió sus pertenencias, pero su

teléfono celular se quedó en el salón de sesiones, y continuó grabando.

[…]

13. Las funcionarias y la jueza Ochoa D'Acosta conversaron sobre la controversia previa al receso.

[…]

15. Mientras las alguacilas […] y la jueza Ochoa D'Acosta estaban en el salón de sesiones, sonó un teléfono celular que no pertenecía a ninguna de ellas.

16. **La jueza Ochoa D'Acosta le dijo a la alguacila […] que llevara el teléfono celular que sonaba** […].

[…]

18. El teléfono celular que sonó resultó pertenecer a la licenciada Colón Alicea.

19. **La jueza Ochoa D'Acosta y las alguacilas […] tocaron el teléfono celular de la licenciada Colón Alicea.**

20. La jueza Ochoa D'Acosta, las alguacilas […] se percataron de que el teléfono celular de la licenciada Colón Alicea continuaba grabando.

21. **La jueza Ochoa D'Acosta tuvo acceso al control de la aplicación utilizada para grabar.**

22. **La jueza Ochoa D'Acosta tocó la pantalla del teléfono celular para detener la grabación.**

23. Mientras la alguacila […] manejaba el teléfono celular, **la jueza Ochoa D'Acosta miraba fija y atentamente la pantalla desbloqueada del celular, y continuaban hablando entre ellas.**

24. **La jueza Ochoa D'Acosta estuvo presente mientras se manejaba el**

**teléfono celular de la licenciada Colón Alicea.**

25. El acceso al control de la aplicación utilizada para grabar que tuvo la jueza Ochoa D'Acosta en el teléfono celular de la licenciada Colón Alicea ocurrió en ausencia de la licenciada Colón Alicea y sin su consentimiento.

26. **La grabación en el teléfono celular de la licenciada Colón Alicea fue borrada durante el receso en el salón de sesiones antes de que se le devolviera el celular.**

[…]

47. **La licenciada Colón Alicea no autorizó a la jueza Ochoa D'Acosta ni a la alguacila […] a acceder y borrar la grabación del teléfono celular.**[5]

Como vemos, la intervención de la jueza Ochoa D'Acosta con el teléfono celular de la promovente no se limitó a incautarlo. Al contrario, como presidenta de sala, esta tomó la medida más lesiva al derecho a la intimidad de la letrada al accederlo para detener y eliminar la grabación en cuestión sin su consentimiento. Y es que, al pasar juicio sobre las decisiones tomadas por la querellada en este incidente, no podemos perder de perspectiva que la Lcda. Colón Alicea, como dueña del teléfono celular, alberga una expectativa de intimidad con respecto al contenido digital de su teléfono celular. Véase, Pueblo v. López Colón, 200 DPR 273 (2018); Riley v. California, 573 US 373(2014).

---

[5](Negrillas suplidas). Íd., págs. 7-14.

En ese sentido, considero que el proceder de la jueza Ochoa D'Acosta constituyó un atentado contra la protección constitucional que cobija a la Lcda. Colón Alicea en cuanto a que sus efectos personales no sean sometidos a registros irrazonables y arbitrarios.[6] Esto último como corolario de su derecho a la intimidad. Pueblo v. López Colón, supra, pág. 316. (Opinión disidente del Juez Asociado Señor Estrella Martínez). En consecuencia, queda claro que la jueza Ochoa D'Acosta no observó en toda su extensión las garantías constitucionales que le asisten a la promovente.

Además, considero que la jueza Ochoa D'Acosta se apartó de su deber ético al acceder, registrar y manipular el teléfono celular de la Lcda. Colón Alicea sin su consentimiento. **De igual forma, esta falló en su deber de impedir cualquier conducta impropia del personal bajo su responsabilidad en la medida en que facilitó y permitió que este personal registrara en múltiples ocasiones el celular de la letrada, lo que culminó en la eliminación de la grabación del celular en ausencia de su dueña.**

En consecuencia, omitió su deber al no intervenir con la conducta del personal bajo su supervisión. En cambio, permitió que estos incurrieran en conducta impropia y lesiva a la dignidad de la promovente al acceder y

_____

[6]Ciertamente la Jueza Ochoa D'Acosta debió tomar medidas menos onerosas que reflejaran un balance entre su preocupación en cuanto a que el celular estuviese grabando conversaciones no autorizadas de funcionarios del Tribunal y los derechos constitucionales que le cobija a la letrada.

registrar el contenido de su celular para borrar parte de este.

A su vez, la conducta desplegada por la jueza Ochoa D'Acosta en el manejo de esta situación no reflejó las mejores tradiciones del sistema judicial. **De hecho, así esta lo admite al asumir su responsabilidad y consignar que "analizando con ecuanimidad los hechos que se produjeron durante el receso de la vista del 20 de noviembre de 2019, reconoce que pudo haber manejado la situación de otra manera".**[7] Recordemos que la Lcda. Colón Alicea tenía permiso del Tribunal para grabar los procedimientos, que no hay prueba tendente a demostrar que esta dejó adrede su teléfono celular en el salón de sesiones y que le es permitido a los abogados dejar allí algunas pertenencias durante los recesos del Tribunal. Es decir, aun cuando el Tribunal recesa, en el salón de sesiones impera cierta expectativa de seguridad toda vez que este es cerrado bajo llave durante ese periodo. Por consiguiente, sostengo que la irregularidad de la situación no es óbice para despachar esta controversia con una mera desestimación y archivo.

La totalidad de los hechos me lleva a concluir que la jueza Ochoa D'Acosta manejó este incidente apartándose de la debida propiedad y circunspección que tiene que caracterizar la toma de decisiones en los miembros del

---

[7](Negrillas suplidas). Informe de la Comisión de disciplina judicial, pág. 14.

estrado. **Máxime, al tomar en consideración que luego de borrar la grabación del teléfono celular de la letrada, la querellada dio la instrucción de irse fuera del récord y le ordenó a la Lcda. Colón Alicea a asegurarse que la grabación también fuese eliminada de la nube donde se almacena la copia de seguridad de los datos del celular.**[8] Ello claramente es indicativo de que esta conducta no puede catalogarse como una mera inadvertencia ante una situación anómala. Mas bien, confirma que el proceder de la jueza Ochoa D'Acosta en el manejo de esta situación se apartó de las mejores tradiciones del sistema judicial.

### IV

En definitiva, sostengo que de las determinaciones de hechos antes reseñadas se desprende que hay prueba clara, robusta y convincente para sancionar a la jueza Ochoa D'Acosta por infringir los Cánones de Ética Judicial, supra. Por consiguiente, procedía ejercer nuestra plena facultad disciplinaria de forma proporcional. **Sin embargo, una mayoría de este Tribunal en un ejercicio en extremo leniente de su función disciplinaria determina desestimar y archivar sin más la Querella de epígrafe.**

---

[8]Adviértase que la oferta de la jueza Ochoa D'Acosta de gestionar una regrabación de los procedimientos en nada justifica la conducta aquí descrita y, mucho menos, constituye un eximente de responsabilidad disciplinaria.

**Ante ello, disiento.**


                                        Luis F. Estrella Martínez
                                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>Hon. Elsie Ochoa D'Acosta<br>Jueza Superior<br><br>Tribunal de Primera Instancia<br>Región Judicial de Carolina | AD-2021-0002 |

Voto Particular Disidente emitido por el Juez Asociado señor COLÓN PÉREZ al cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 8 de julio de 2022.

> Recordemos que de los jueces y las juezas "se espera un dominio adicional sobre las reacciones normales humanas".[1]

Hoy, nuevamente, una mayoría de este Tribunal condona el proceder de una miembro del Poder Judicial que, -- con su conducta en determinado proceso adjudicativo que tenía a bien presidir --, infringió los Cánones 1, 13, 14 y 23 de Ética Judicial, *infra*, y, con ello, lesionó el derecho a la dignidad humana, la intimidad y la privacidad, consagrados todos en la Constitución del Estado Libre Asociado de Puerto Rico, que le asisten a la abogada que se queja en su contra, la Lcda. Yadira Colón Alicea.

---

[1] *Pueblo v. Baigés Chapel*, 103 DPR 856, 863 (1975) (Per Curiam).

Contrario a lo resuelto por una mayoría de mis compañeros y compañera de estrado, entendemos que la conducta en la que incurrió la Hon. Elsie Ochoa D'Acosta, **-- la cual ella misma estipula --**, a todas luces, ameritaba que se le impusiera a ésta última una sanción disciplinaria que fuera a la par con sus actuaciones; y no el archivo de la querella en su contra, sin más, como se optó aquí hacer. Nos explicamos.

I.

El 23 de diciembre de 2019, la Lcda. Yadira Colón Alicea (en adelante, "licenciada Colón Alicea") presentó una queja disciplinaria en contra de la Hon. Elsie Ochoa D'Acosta (en adelante, "jueza Ochoa D'Acosta"), Jueza Superior asignada al Tribunal de Primera Instancia de Carolina. Según se desprende de la documentación ante nuestra consideración, en su queja, la licenciada Colón Alicea cuestionó la imparcialidad y el comportamiento de la jueza Ochoa D'Acosta en el contexto de cierto proceso judicial sobre relaciones abuelo filiales. En específico, le imputó a la jueza Ochoa D'Acosta haber registrado y borrado cierta información del teléfono celular de la referida letrada sin su consentimiento.

Como resultado de lo anterior, -- y luego de evaluar el correspondiente *Informe de Investigación* rendido por la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales (en adelante, "OAT"), así como la

determinación de causa probable del Comisionado Asociado nombrado en el asunto de epígrafe --, el 26 de agosto de 2021 el Director Administrativo de la OAT, Hon. Sigfrido Steidel Figueroa, presentó ante nos la correspondiente *Querella*. En ella, concluyó que la serie de conductas exhibidas por la jueza Ochoa D'Acosta, en el proceso judicial al que hemos hecho referencia, ameritaba una acción disciplinaria. A tales efectos, le imputó a ésta los siguientes cargos:

**Primer Cargo**

La Querellada [jueza Ochoa D'Acosta] vulneró la conducta proscrita por los Cánones de Ética Judicial al manipular e intervenir, de modo imprudente, irrazonable y contrario a los deberes de su cargo, con un teléfono celular sin el consentimiento ni el conocimiento de su dueña, la licenciada Colón Alicea, y borrar la grabación de audio del 20 de noviembre de 2019, ya fuera con su propia mano o en su presencia bajo su instrucción y comando, en contravención con lo dispuesto en el **Canon 13 y 23** de Ética Judicial.

**Segundo Cargo**

La Querellada [jueza Ochoa D'Acosta] vulneró la conducta proscrita por los Cánones de Ética Judicial al emitir un comentario a los efectos de que la licenciada Colón Alicea trataba de entrar evidencia que no le había entregado a la licenciada Juarbe Berríos para que la examinara, en contravención con lo dispuesto en el **Canon 14** de Ética Judicial. Dicho comentario quedó grabado en el teléfono celular de la licenciada Colón Alicea, siendo el detonante o dando la apariencia de que la Jueza incurrió en la conducta impropia de borrar la grabación para protegerse y evitar que la crítica hacia la licenciada Colón Alicea fuera conocida por esta.

**Tercer Cargo**

La Querellada [jueza Ochoa D'Acosta], al manipular e intervenir con un teléfono celular sin autorización de su dueña y para beneficio propio, en menosprecio a los deberes éticos que viene llamada a estudiar y aplicar con rigurosidad a su realidad particular, así como al no cumplir fielmente con la normativa legal que prohíbe apoderarse de objetos o material de una persona sin su consentimiento y autorización, y con la protección que el ordenamiento estatal y federal le reconocen al teléfono celular, infringió lo dispuesto en el **Canon 1** de Ética Judicial.

Recibida la mencionada *Querella*, la misma fue referida a la Comisión de Disciplina Judicial para los trámites de rigor. Completada la investigación de dicho ente, el 4 de mayo de 2022 la Comisión de Disciplina Judicial sometió ante esta Curia un informe relacionado con la conducta desplegada por la jueza Ochoa D'Acosta. De éste, surgen cuarenta y ocho (48) determinaciones de hechos estipuladas por las partes involucradas en el proceso de marras. Por resultar en extremo reveladoras para atender correctamente la controversia ante nos, destacamos varias de ellas a continuación:

1. La jueza Ochoa D'Acosta juramentó a su cargo como jueza municipal el 1 de diciembre de 2010 y el 25 de marzo de 2019 como jueza superior. **Al prestar tales juramentos, la jueza Ochoa D'Acosta juró mantener y defender la Constitución de los Estados Unidos y la Constitución y las leyes del Estado Libre Asociado de Puerto Rico y desempeñar bien y fielmente los deberes del cargo o empleo que estaba próxima a ejercer.**

2. La jueza Ochoa D'Acosta presidió los procedimientos del caso *Blanca Torres* Pérez *v.*

*Mirelis Miranda Torres,* F CU2016-0108, sobre relaciones abuelo filiales […].

[. . .]

5. El 20 de noviembre de 2019 continuó el juicio en su fondo con la comparecencia de la Sra. Blanca Iris Torres Pérez, representada por la Lcda. Sylvia Juarbe Berríos (licenciada Juarbe Berríos) y la Sra. Mirelis Miranda Torres, representada por la Lcda. Yadira Colón Alicea […].

6. Al inicio de la sesión del Tribunal, al igual que en ocasiones anteriores, **la jueza Ochoa D'Acosta autorizó a las abogadas a grabar los procedimientos**, por lo que la grabadora de la licenciada Juarbe Berríos y el teléfono celular inteligente *(smartphone)* de la licenciada Colón Alicea se ubicaron cerca de la silla donde declaran los testigos.

7. Durante el interrogatorio de la trabajadora social, […], perito de la parte demandada, surgió una controversia ante la solicitud de la licenciada Colón Alicea de que se tomara conocimiento judicial de una carta circular del Poder Judicial […]

8. Ante lo sucedido, a eso de las 11:30 a.m., la jueza Ochoa D'Acosta **decretó un receso** hasta la 1:30 p.m. […].

9. **La vista de la sesión de la mañana fue grabada por ambas abogadas, previo permiso de la jueza Ochoa D'Acosta** […]. Al concluir la sesión, las partes fueron instruidas por la Alguacila de Sala a abandonar el salón de sesiones con sus pertenencias. En casos contenciosos que continúan en la sesión de la tarde, la Alguacila debe cerrar con llave el salón de sesiones debido a que se permite que puedan dejar expedientes y documentos relacionados con el caso.

[. . .]

12. Luego de decretar el receso, la jueza Ochoa D'Acosta salió del salón de sesiones […]. Luego, regresó al salón de sesiones al escuchar voces […] y allí se encontraban la[s] Alguacila[s] Auxiliar[es] Cynthia Carrasquillo de Jesús [y] Tiara Dávila Rodríguez y la Sra. Giselle Ramírez

Castro, Secretaria de Sala, quienes habían permanecido en la sala conversando.

13. **Las funcionarias y la jueza Ochoa D'Acosta conversaron sobre la controversia previa al receso.**

14. **El vídeo de seguridad de la Sala refleja que la jueza Ochoa D'Acosta conversaba con las tres (3) empleadas** del Poder Judicial mencionadas cerca del escritorio donde ubica el sistema de grabación de audio […].

15. Mientras las alguacilas Carrasquillo de Jesús y Dávila Rodríguez, la señora Ramírez Castro y la jueza Ochoa D'Acosta estaban en el salón de sesiones, **sonó un teléfono celular que no pertenecía a ninguna de ellas.**

16. **La jueza Ochoa D'Acosta <u>le dijo a la alguacila Dávila Rodríguez que llevara el teléfono celular que sonaba</u>,** por lo que ella lo buscó y lo ubicó en la mesa al lado del estrado […].

[. . .]

18. El teléfono celular que sonó resultó pertenecer a la licenciada Colón Alicea.

19. **La jueza Ochoa D'Acosta y las alguacilas Dávila Rodríguez y Carrasquillo de Jesús <u>tocaron</u> el teléfono celular de la licenciada Colón Alicea.**

20. **La jueza Ochoa D'Acosta, las alguacilas Dávila Rodríguez y Carrasquillo de Jesús y la señora Ramírez Castro se percataron de que el teléfono celular de la licenciada Colón Alicea continuaba grabando.**

21. **La jueza Ochoa D'Acosta <u>tuvo acceso</u> al control de la aplicación utilizada para grabar.**

22. **La jueza Ochoa D'Acosta <u>tocó la pantalla</u> del teléfono celular <u>para detener la grabación</u>.**

23. Mientras la alguacila Dávila Rodríguez manejaba el teléfono celular, **la jueza Ochoa D'Acosta <u>miraba fija y atentamente la pantalla desbloqueada del celular</u>,** y continuaban hablando entre ellas.

24. **La jueza Ochoa D'Acosta <u>estuvo presente mientras se manejaba el teléfono celular</u> de la licenciada Colón Alicea**

25. **El <u>acceso al control de la aplicación utilizada para grabar que tuvo la jueza Ochoa D'Acosta</u> en el teléfono celular de la licenciada Colón Alicea <u>ocurrió en ausencia de la licenciada Colón Alicea y sin su consentimiento</u>.**

26. **La <u>grabación</u> en el teléfono celular de la licenciada Colón Alicea <u>fue borrada durante el receso en el salón de sesiones antes de que se le devolviera el celular</u>.**

28. La alguacila Carrasquillo De Jesús llevó el teléfono celular a la Oficina de Alguaciles.

29. **Llamado el caso en la sesión de la tarde, la jueza Ochoa D'Acosta le <u>solicitó</u> a la licenciada Colón Alicea y a la licenciada Juarbe Berríos que <u>se acercaran al estrado</u> y <u>ordenó que se apagara el récord de grabación oficial</u> del Tribunal.**

30. **En ese momento, la jueza Ochoa D'Acosta le expresó a la licenciada Colón Alicea que su celular se había quedado grabando conversaciones no autorizadas entre funcionarias del Tribunal.**

31. La jueza Ochoa D'Acosta le expresó a la licenciada Colón Alicea que podía realizar gestiones para proveerle la regrabación del récord del Tribunal rápido.

32. **La licenciada Colón Alicea comentó que entendía que la grabación eliminada del teléfono celular debía estar archivada en la nube.**

33. Luego de que la licenciada Colón Alicea indicara en el salón de sesiones que su teléfono celular no tenía señal, **la jueza Ochoa D'Acosta le <u>pidió que saliera a buscar señal fuera del salón para que se asegurara que la grabación se había borrado de la nube</u>.**

34. La licenciada Colón Alicea mostró inconformidad con que se hubiera manejado su celular y borrado la grabación sin ella haber estado presente.

35. La jueza Ochoa D'Acosta expresó que entendía la incomodidad de todos ante lo ocurrido y que la licenciada Colón Alicea tenía razón al expresar inconformidad por la forma en que se había manejado su celular.

36. **La jueza Ochoa D'Acosta <u>acepta que manejó el celular de la licenciada Colón Alicea para detener la grabación y que esta fue borrada mientras se manejó el celular</u>**.

[. . .]

38. **En la vista del 22 de diciembre de 2019, la licenciada Colón Alicea le informó a la jueza Ochoa D'Acosta que estaría presentando una moción de recusación.**

[. . .]

40. El 23 de diciembre de 2019, la licenciada Colón Alicea presentó en el Tribunal de Primera *Instancia una Moción Urgente de Inhibición* y una *Queja* disciplinaria contra la jueza Ochoa D'Acosta imputándole parcialidad y mal manejo del teléfono celular propiedad de la licenciada Colón Alicea. Ante la solicitud de inhibición anunciada […], **la jueza Ochoa D'Acosta se inhibió** de continuar presidiendo el caso [mencionado], y en todos los casos de la licenciada Colón Alicea. (Énfasis suplido). Véase, *Informe de la Comisión de Disciplina Judicial*, págs. 7-14.

Establecido lo anterior, y luego de revisar la normativa aplicable, la Comisión de Disciplina Judicial concluye que: 1) la conducta imputada en el primer cargo de la querella en contra de la jueza Ochoa D'Acosta no se configuró, pues si bien discrepa del proceso seguido por la referida togada en cuanto a la eliminación de la grabación, resalta que "no [se puede] pasar por alto que se trató de una situación irregular para la cual no existe una norma establecida sobre el procedimiento a seguir", que los hechos ocurrieron durante el receso decretado por el Tribunal, que

ésta asumió responsabilidad por la decisión que tomó en el momento de los hechos y que reconoció que pudo haber manejado la situación "nunca antes vista" de otra manera;[2] 2) lo alegado en el segundo cargo de la mencionada querella tampoco se probó toda vez que las conversaciones entre las funcionarias y la jueza Ochoa D'Acosta sobre el caso al que hemos aludido, "si bien fueron dentro del salón de sesiones, ocurrieron fuera del contexto del procedimiento judicial", y 3) en lo relacionado al tercer cargo indicado en la referida querella, se sostiene que, aun cuando es un hecho incontrovertido que la grabación en cuestión se borró, la evidencia estipulada no estableció que la jueza Ochoa D'Acosta fuera quien la eliminara del teléfono celular de la licenciada Colón Alicea. Por todo ello, la Comisión de Disciplina Judicial nos recomienda la desestimación y el archivo de la querella de epígrafe.

En respuesta, el 27 de mayo de 2022 el Director Administrativo de la OAT compareció ante nos mediante un escrito urgente a los fines de oponerse a la recomendación hecha por la Comisión de Disciplina Judicial. **De entrada, sostiene que no debemos perder de vista que las acciones que dieron margen al presente asunto disciplinario inciden en el derecho constitucional a la intimidad y privacidad reconocidos sobre nuestros teléfonos celulares y la información almacenada en éstos. Ello, pues, indica que --**

---

[2] Véase, *Informe de la Comisión de Disciplina Judicial*, págs. 21-22.

**en esta ocasión -- dichos derechos fueron infringidos y vulnerados por quien, precisamente, está llamada a defenderlos y hacerlos valer en virtud del puesto de jueza que ocupa.**

Entre múltiples señalamientos, el Director Administrativo de la OAT también apunta que, de las determinaciones de hechos estipuladas, quedó probado: 1) que la jueza Ochoa D'Acosta admitió su intervención y manejo del teléfono celular en cuestión, y 2) que en el video de seguridad estipulado se observa que las personas que estaban en el salón de sesiones durante el receso -- entre ellas, la referida togada -- tocaron la pantalla del referido teléfono celular en, al menos, cuarenta (40) ocasiones, accedieron a su contenido y borraron una grabación almacenada en éste. Subraya, además, que lo ocurrido se suscitó en un espacio físico -- entiéndase, la sala de sesiones -- donde la jueza Ochoa D'Acosta era la autoridad máxima y sin la presencia ni consentimiento de la licenciada Colón Alicea.

Por todo lo anterior, el Director Administrativo de la OAT esgrime que las conclusiones contenidas en el informe de la Comisión de Disciplina Judicial minimizan la gravedad de las acciones desplegadas por la jueza Ochoa D'Acosta y, en su lugar, buscan justificar a esta última al responsabilizar a la licenciada Colón Alicea por haber olvidado su teléfono celular en la sala de sesión durante

el receso. En consecuencia, razona que, contrario a lo expresado por la Comisión de Disciplina Judicial, la serie de eventos que se desprenden de las determinaciones de derecho y el video de seguridad estipulado evidencian que la jueza Ochoa D'Acosta se apartó del proceder esperado por una miembro de la Judicatura. Ello, a su juicio, amerita la imposición de alguna medida disciplinaria por parte de esta Curia.

Así las cosas, y ante la disyuntiva que nos plantean las comparecencias de la Comisión de Disciplina Judicial y el Director Administrativo de la OAT, cabía entonces cuestionarnos si la jueza Ochoa D'Acosta contravino o no los Cánones de Ética Judicial, *infra*. De responder en la afirmativa a esa interrogante, restaba, pues, determinar el tipo de sanción a imponérsele.

No obstante, según adelantamos, una mayoría de este Tribunal decide archivar el proceso disciplinario ante nuestra consideración, sin más. Lo anterior, al suscribir el razonamiento de la Comisión de Disciplina Judicial respecto a que la situación antes descrita era una irregular para la cual no existe una de normativa establecida para atenderla. Nada más lejos de la verdad. Por ello, respetuosamente disentimos.

II.

A.

Como es sabido, los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, constituyen una guía de los deberes mínimos que los funcionarios y las funcionarias del Poder Judicial puertorriqueño deben cumplir con el propósito de promover la confianza de la ciudadanía en nuestro sistema judicial. *In re Lugo Irizarry*, 207 DPR 1032, 1045-1046 (2021); *In re Quiñones Artau*, 193 DPR 356, 376 *(2015); In re Sierra Enríquez*, 185 DPR 830, 850 (2012). De ahí que, el Preámbulo del referido cuerpo de normas deontológicas obligue a las juezas y a los jueces al **"compromiso y responsabilidad de imponerse restricciones a su conducta, tanto en la esfera de sus funciones judiciales como en otras actividades profesionales y personales"**. (Énfasis suplido). *In re Aprobación Cánones Ética Judicial* 2005, 164 DPR 403, 408 (2005). Véase, también, *In re Lugo Irizarry*, *supra*, pág. 1046; *In re Hon. González Rodríguez*, 201 DPR 174, 204 (2018); *In re Claverol Siaca*, 175 DPR 177, 188 (2009).

En particular, y ya más en lo relacionado al asunto que nos concierne, el **Canon 1** de Ética Judicial, 4 LPRA Ap. IV-B, C.1, dispone que las togadas y los togados "respetarán y cumplirán la ley, y serán fieles al juramento de su cargo". Según hemos reseñado, este precepto reconoce que el deber de éstas y éstos "trasciende la función de administrar o interpretar la ley y se establece con el objetivo de

transmitir claramente la idea de que las juezas y los jueces no están por encima de la ley y son los primeros obligados a respetarla y cumplirla". *In re Aprobación Cánones Ética Judicial* 2005, *supra*, pág. 411.

Con igual lógica, el **Canon 13** del mencionado ordenamiento deontológico, 4 LPRA Ap. IV-B, C.13, perpetúa que las juezas y los jueces deberán tratar con consideración y respeto a las abogadas y a los abogados, así como a todas las personas que participen del proceso adjudicativo. Esta norma está cimentada en "la dignidad del ser humano y aplica tanto en el ejercicio de las funciones judiciales como en el contexto de la vida privada". *In re González Porrata-Doria*, 197 DPR 683, 691 (2017). Véase, también, *In re Aprobación Cánones Ética 2005*, *supra*, pág. 427.

En esa línea, el **Canon 14** de Ética Judicial, 4 LPRA Ap. IV-B, C.14, establece la conducta que la comunidad togada debe mantener en el curso de los procedimientos judiciales que atiende. En específico, el precitado canon instituye que:

> En el curso de los procedimientos judiciales, las juezas y los jueces mantendrán su conducta dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesivas. **Tampoco harán comentarios ni gestos ajenos al proceso judicial,** entendiéndose comprendidos dentro de esta prohibición aquellos comentarios, expresiones o gestos que involucren burla o mofa. No ridiculizarán de modo alguno a abogadas, abogados, partes, testigos, funcionarias o funcionarios del tribunal ni a otras personas que acudan ante el tribunal. **Las juezas y los jueces dirigirán los trabajos del tribunal con orden y decoro, y evitarán todo proceder que**

**pueda afectar la dignidad y el respeto debido al tribunal. Intervendrán para impedir cualquier conducta impropia de las partes, de las abogadas y de los abogados o de cualquier otra persona, y tomarán las acciones que procedan de acuerdo con la ley, los cánones del Código de Ética Profesional y las mejores tradiciones del sistema judicial.** (Énfasis suplido). *Íd.*

De lo anterior se desprende que las togadas y los togados están llamados a reservarse aquellas expresiones o comentarios que reflejen perjuicio, de la naturaleza que sea, o dudas sobre su capacidad de actuar imparcialmente. *In re Quiñones Artau*, *supra*, pág. 381; *In re Aprobación Cánones Ética 2005*, *supra*, pág. 429. Por igual, el Canon 14, *supra*, exige que las juezas y los jueces procuren "el decoro y la solemnidad que deben existir en toda sala de justicia". (Énfasis suplido). *In re Quiñones Artau*, *supra*, pág. 382.

Por otro lado, el **Canon 23** del Código de Ética Judicial, *supra*, prohíbe que "[l]as juezas y los jueces se comport[e]n públicamente de manera [tal] que sus actuaciones [...] provoquen dudas sobre su capacidad para adjudicar imparcialmente las controversias judiciales [,] deshonren el cargo judicial [e] interfieran con el cabal desempeño de sus funciones judiciales". Al respecto, este Tribunal ha indicado que el contenido de este canon responde a la alta estima y confianza pública que gozan los miembros de la Judicatura. *In re Lugo Irizarry*, *supra*, pág. 1051; *In re Candelaria Rosa*, 197 DPR 445, 462 (2017); *In re Quiñones Artau*, *supra*, pág. 383. En ese sentido, hemos manifestado

que las personas que integran la Judicatura tienen que prever y analizar "[l]as posibles consecuencias de sus actos en términos de las impresiones que terceras personas podrían recibir de ellos". *In re Lugo Irizarry*, *supra*.

**Así, por ejemplo, en *In re Claverol Siaca*, *supra*, -- un caso en extremo similar al que nos ocupa -- esta Curia resolvió que la actuación de un juez al ocupar unas libretas de un alguacil, sin el consentimiento de este último, y al difundir el contenido de éstas, violó los Cánones 13 y 23 de Ética Judicial, *supra*. Lo anterior, toda vez que, con sus acciones, dicho juez lesionó la imagen del Poder Judicial y, por consiguiente, la confianza del País en el sistema de tribunales.** *Íd.*, págs. 194-195.

B.

Establecido lo antes reseñado, cabe mencionar aquí que las Reglas de Disciplina Judicial, 4 LPRA Ap. XV-B, se aprobaron para, entre otras cosas, establecer el proceso de acción disciplinaria en contra de los jueces y las juezas. Una vez completado el referido proceso, el caso queda sometido para su adjudicación por parte de este Tribunal. Véase, 4 LPRA Ap. XV-B, R. 30. Así, y luego de estudiar el expediente ante nuestra consideración, esta Curia debe evaluar si los cargos presentados quedaron probados mediante prueba clara, robusta y convincente. 4 LPRA Ap. XV-B, R. 26. De quedar probados, debemos entonces considerar si procede la imposición de alguna de las medidas

disciplinarias enumeradas en la Regla 29 del precitado cuerpo reglamentario. 4 LPRA Ap. XV-B, R. 29.

Además, al realizar ese ejercicio, debemos recordar que las determinaciones de hechos presentadas por la Comisión de Disciplina Judicial o por un Comisionado Especial merecen nuestra deferencia, salvo que surja parcialidad, prejuicio o error manifiesto. *In re González Rodríguez*, 201 DPR 174, 207 (2018); *In re Candelaria Rosa*, *supra*, pág. 459; *In re Acevedo Hernández*, 194 DPR 344, 364 (2015). **Sobre este particular, cabe señalar que hemos sentenciado que "cuando las determinaciones de hecho están basadas en prueba documental, estamos en igual posición que [é]stos para hacer nuestras propias apreciaciones".** (Énfasis suplido). *In re Candelaria Rosa*, *supra*, pág. 460.

III.

Expuesta la normativa ética, y por resultar en extremo relevante al asunto ante nuestra consideración, por último, es menester mencionar aquí que nuestra Constitución prescribe que la dignidad del ser humano es inviolable. Art. II, Sec. 1, Const. ELA, LPRA, Tomo 1. Asimismo, reconoce el derecho de toda persona a estar protegida contra ataques abusivos a su vida privada y contra el registro, incautación y allanamiento irrazonable de su persona, casas, papeles y efectos. Art. II, Secs. 8 y 10, Const. ELA, LPRA, Tomo 1. Por virtud de ello, este Tribunal -- aunque, a nuestro juicio, de manera limitada -- ha

reconocido que existe una expectativa de intimidad sobre los teléfonos celulares por la información privada que se almacena en éstos. Véase, por ejemplo, *Pueblo v. López Colón,* 200 DPR 273 (2018), citando a *Riley v. California,* 573 US 373 (2014).

Es precisamente, a la luz del marco jurídico antes expuesto -- y no de otro -- que procedemos, desde el disenso, a atender el presente proceso disciplinario.

IV.

Como adelantamos, en lo relacionado a la causa de epígrafe, la Comisión de Disciplina Judicial nos recomienda que archivemos el presente proceso disciplinario bajo el fundamento de que estamos ante una situación irregular para la cual no existe una normativa a seguir, y por entender que la prueba estipulada no estableció que fuera la jueza Ochoa D'Acosta quien borró la grabación en cuestión del teléfono celular de la licenciada Colón Alicea. De otra parte, el Director Administrativo de la OAT nos urge que rechacemos esa recomendación, toda vez que -- a su modo de ver -- sí quedó probado que la togada de epígrafe exhibió una serie de conductas incorrectas y contrarias a la ética judicial, las cuales ameritan ser sancionadas. Luego de evaluar detenidamente los documentos antes nuestra consideración, -- y si bien han sido muchas las ocasiones en que, en caso como estos, hemos compartido el criterio de

la Comisión de Disciplina Judicial --, hoy coincidimos con lo expresado por el Director Administrativo de la OAT.

Y es que, en efecto, no podemos ignorar que -- en el expediente ante nuestra consideración -- existe prueba clara, robusta y convincente de que la jueza Ochoa D'Acosta: 1) comentó con las funcionarias del tribunal el caso que presidía; 2) tras escuchar sonar el teléfono celular objeto del presente proceso disciplinario, solicitó a una funcionaria del tribunal que se lo llevara, por lo que esta última -- al recibir la orden -- lo buscó y lo ubicó en la mesa al lado del estado; 3) tocó y manejó el mencionado teléfono celular en más de una ocasión; 4) tuvo acceso a aplicación utilizada para grabar; 5) tocó la pantalla del teléfono celular en cuestión para detener la grabación; 6) miró fija y atentamente la pantalla del teléfono celular mientras una de las funcionarias que la acompañaban en el salón de sesiones manejaba el teléfono celular desbloqueado; 7) la grabación fue borrada por ésta o en su presencia; 8) todo ello ocurrió en ausencia y sin el consentimiento de la dueña del teléfono celular, la licenciada Colón Alicea; 9) al regresar del receso decretado, la togada de referencia solicitó a la licenciada Colón Alicea y a la licenciada Juarbe Berríos que se acercaran al estrado y ordenó que se apagara el récord de grabación oficial del tribunal, y 10) tras la licenciada Colón Alicea enterarse de lo sucedido y comentar sobre la

posibilidad de que la grabación borrada estuviera en la *nube* almacenada, la jueza de epígrafe le <u>solicitó</u> que saliera del salón de sesiones y se asegurara que la grabación también se había borrado de la *nube*.

De manera que, ante ese cuadro, bastaba emplear el sentido común para concluir que se trató aquí de una serie de acciones que, analizadas en su totalidad, ameritaban que ejerciéramos nuestra facultad disciplinaria y sancionáramos a la referida togada. **La jueza Ochoa D'Acosta no se limitó a detener una grabación no autorizada y nada más, como sugiere una mayoría de este Tribunal, sino que también manejó, accedió y destruyó o permitió que se destruyera información de un teléfono celular sin la presencia ni el consentimiento de su dueña.**

Tampoco podemos coincidir con el argumento de que lo sucedido fue una situación irregular para la cual no existe normativa ética que aclare el proceso a seguir en estos escenarios. Por el contrario, somos de la opinión que las múltiples acciones de la jueza Ochoa D'Acosta, como mínimo, demuestran que con su proceder ésta violó lo dispuesto en los Cánones 1, 13, 14 y 23 de Ética Judicial, *supra.* Lo anterior, al dejar de reservarse expresiones que crean duda sobre su capacidad de actuar imparcialmente; no procurar el orden, decoro y solemnidad en una sala de justicia; no prever las impresiones que terceros pudieran percibir de sus actos; dejar de tratar con consideración y respeto a la

abogada dueña del teléfono celular, y olvidar ser fiel al juramento del cargo en todo momento.

Igualmente, no tenemos duda de que las acciones antes enumeradas, tal y como se desprende de las determinaciones de hechos estipuladas por las partes involucradas, chocan con los derechos constitucionales que salvaguardan la dignidad humana, la intimidad y la privacidad de toda persona, particularmente en el contexto de un teléfono celular y la información almacenada en éste.

Ciertamente, y como bien manifestó el Director Administrativo de la OAT, "no existía justificación para que la [jueza Ochoa D'Acosta] no hubiera esperado por la licenciada Colón Alicea para atender tan delicado asunto al reiniciar los procesos [, en vez] optó por un curso de acción que no estuvo a la altura de la conducta ejemplar esperada por l[a]s [personas] miembros de la Judicatura".[3]

Si bien hemos expresado que "detrás de cada toga hay un ser humano, con sus defectos y con sus virtudes, susceptible a fallar", en esta ocasión, de un estudio sosegado de los hechos estipulados por las partes involucradas en el asunto de epígrafe, era forzado resolver que las actuaciones de la jueza Ochoa D'Acosta sobrepasaron el típico error de juicio. *In re Vissepó Vázquez, supra* (Opinión Concurrente, Colón Pérez). Lamentablemente, al así

---

[3] Véase, *Comparecencia en torno a la recomendación emitida por la Comisión de Disciplina Judicial, al amparo de la regla 30(a) de las Reglas de Disciplina Judicial*, pág. 13.

conducirse, la jueza Ochoa D'Acosta careció de ese dominio adicional sobre las reacciones normales humanas que se esperan de cada jueza y juez, según apuntamos al inicio de este escrito.

V.

En fin, nuevamente una mayoría de este Tribunal escogió el camino fácil y fue laxo en su función evaluadora. Nos rehusamos a avalar ese proceder. Repetimos, la reiterada política institucional de cero tolerancia a toda conducta que pueda lacerar la confianza de la ciudadanía en el sistema de justicia justificaba que, como mínimo, se apercibiera y censurara a la jueza Ochoa D'Acosta por las acciones en que ésta incurrió.

Al no ser ello así, respetuosamente disentimos.


                                        Ángel Colón Pérez
                                        Juez Asociado